[No. 15802. In Bank.—December 3, 1894.]

PEOPLE'S HOME SAVINGS BANK, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT No. 4, Respondent.

104 649
115 606
104 649
136 172
104 649
145 702

Corporations—Election of Officers—Right of Stockholder to Vote by Proxy—Invalid By-law.—Under section 312 of the Civil Code stockholders of a corporation may be represented at all elections by proxies of their own selection; and a by-law of a banking corporation providing that no proxy should be voted by any one not a stockholder of the corporation is void, as being an infringement upon the statute.

Id.—Substantial Rights of Stockholder.—The substantial rights of a stockholder cannot be taken from him or even abridged by the by-laws.

ID.—POWER OF LEGISLATURE—MODE OF VOTING BY PROXY—CONSTRUC-
TION OF CODE.—Section 303 of the Civil Code, which provides that a cor-
poration may by its by-laws provide for "the mode of voting by proxy,"
refers to the preliminary requirements to be followed in order that the
proxy may be entitled to vote, and does not authorize the curtailing of
the right of voting by proxy, but only to regulate the exercise of the right
by requiring that the authorization must be in writing, properly wit-
nessed, acknowledged, and filed with the records, etc.

ID.—CHANGE OF OFFICERS OF BANK—SUBSTITUTION OF ATTORNEY—DISMIS-
SAL OF PROHIBITION.—Where, upon a change of officers of a banking
corporation, the attorneys representing it are dismissed, and a new
attorney appointed, the new attorney appointed is entitled to be substi-
tuted as attorney in a proceeding brought by the bank for a writ of
prohibition, seeking to annul and prevent the proceedings of the superior
court in the matter of appointment of a receiver in a creditor's suit
against the bank, and the attorneys dismissed have no right to raise
the objection that the new attorney appointed by the bank was also
attorney for the receiver, and that the bank has retained him as its
attorney in order to dismiss the prohibition proceeding, which it has a
right to do.

MOTION in the Supreme Court for the substitution of
attorneys.

The facts are stated in the opinion of the court.

*James Alva Watt*, and *John H. Durst*, for the Motion.

*Delmas & Shortridge, contra.*

GAROUTTE, J.—The present proceeding is a motion
for a substitution of attorneys in the above-entitled
cause. Mr. James Alva Watt, claiming authority to
represent the petitioner, makes the motion. The so-
lution of the question here presented is dependent upon
the following state of facts:

One E. H. Knight, a creditor, commenced an action
in the superior court of the city and county of San
Francisco, Department No. 4, against the petitioner,
People's Home Savings Bank and its directors, for the
purpose of enforcing his demand, and asked that the
board of directors be enjoined from the further trans-
action of business; that they be removed from office;
that a receiver be appointed, and that the bank corpo-
ration be thrown into liquidation. Certain allegations

of plaintiff's complaint, charging fraud of the board of
directors in the administration of the business of the
corporation and insolvency of the bank, form the basis
for the relief prayed for.   In this action John F. Shee-
han was by the court appointed receiver to take posses-
sion of the assets of the corporation, etc., and he
retained James Alva Watt as his attorney and legal
adviser in carrying on the business of the receivership.
Thereafter, the petitioner in the above-entitled cause, to
wit, the People's Home Savings Bank, made an appli-
cation to this court for a writ of prohibition, asking that
the proceedings of the superior court in the matter of
the appointment of the receiver be annulled as being in
excess of its jurisdiction.   This application was made
to the court by the petitioner through its regularly
appointed attorneys, Messrs. Delmas and Shortridge.
Thereafter a motion for a substitution of James Alva
Watt as attorney for petitioner in the above-entitled
cause, to act in the place and stead of Messrs. Delmas
and Shortridge, was made.   This motion was based
upon a showing by affidavits to the effect that, subse-
quent to the inception of the prohibition proceeding,
the directorate of the petitioner corporation had been
changed at an election held by the stockholders, and
that the corporation petitioner, by its new board of
directors, appointed said Watt attorney for the corpo-
ration in the above-entitled cause, and revoked the
authority of Messrs. Delmas and Shortridge to act for
it in any litigation then pending.

The legality of Watt's appointment as attorney for the
bank depends upon the validity of the election of the
board of directors appointing him, and the only serious
question presented, as to the validity of such election,
involves the right of a person not a stockholder to par-
ticipate in the election by virtue of his position as a
proxy of a *bona fide* stockholder, and to this question
we shall direct our attention.

While it is provided by section 312 of the Civil Code
that stockholders of corporations may be represented at

all elections by proxies, yet the by-laws of the petitioner bank provide that no proxy shall be voted by any one not a stockholder of the corporation, and it is upon the validity of such by-law that the merits of this case hinge. It is suggested in argument of counsel that all banking corporations have a by-law of similar import; but, notwithstanding this general practice, we have arrived at the conclusion, after careful consideration, that the making of such a law is without the power of the corporation. Corporations have no power to create by-laws that are unreasonable in their practical application, or that are violative of the statute of the state; and we think this by-law an infringement upon the statute, and a most substantial limitation upon the rights of stockholders granted by section 312 of the Civil Code. That section is broad in its terms, and when it says that a stockholder in a corporation may appoint a proxy— an attorney in fact—to represent him at elections held by the corporation, in the absence of limitations in the law, it must be held that the statute gives him the right to name an attorney in fact of his own selection. Any other construction would entirely nullify all benefits intended to be conferred by its provisions. To declare that though the statute in general terms gives all stockholders of corporations the right to vote by proxy, yet the corporation, by its by-laws, has the power to say who that proxy shall be, is to give the corporation full power to throttle the statute.

The stockholders of many of our corporations are limited in number, and the case would undoubtedly often arise where the absent stockholder, desirous of being represented at an election, would be unable to find a friend among them in whom to trust his interests. The statute contemplates no such conditions, and neither says nor intended to say that such a stockholder would be deprived of his right to vote by proxy. If you may limit by by-law the right of holding a proxy to stockholders, you may limit it to directors, or the president, or the secretary, and thus the interests in control

would have the power to compel the minority interests, if unable to be present in person, to be represented by the very interests to which they are opposed, and to reinstate in office the very men whose election they desire to defeat. The principle of cumulative voting has been authorized and approved in the interests of minority representation, yet this by-law squarely strikes at this principle which has been so carefully fostered. The substantial rights of a stockholder under the law cannot be taken from him, or even abridged by the by-laws. The right to vote by proxy is a most substantial right, and this by-law handicaps this right out of all usefulness.

While no authority for or against the principles we have here declared was cited by counsel upon the elaborate argument of the case we had no doubt at the time that they rested upon solid grounds, and, since the submission of the cause, our investigation has brought to light a recent case fully in line with all that we have said upon the question. The principle here involved was the sole question there involved, and, in an opinion covering the entire ground, the court there said: "It has not restricted the right of the stockholder to select any person whom he may consider to be advisable for that object, to vote under his authority upon his shares as a stockholder. In this respect the largest liberty has been secured and provided for the stockholders, and, being entirely unrestrained by the legislature, this privilege was maintained by the authority of the law. Without having so declared expressly, the clear implication of the section is that it was not intended to impose any restriction whatever upon the stockholder as to the person he should be at liberty to select to act under his proxy, and, the statute having in this manner created this right in as general a manner as it did, the trustees of the corporation were not at liberty to restrict or declare by their by-laws that it should not be so used." (*Matter of Lighthall Manufacturing Co.*, 47 Hun, 258.)

Section 303 of the Civil Code provides: "A corpora-

tion may by its by-laws, where no other provision is especially made, provide for: .... 3. The mode of voting by proxy."

This provision does not give the corporation power to pass the by-law here assailed. It refers to the preliminary requirements to be followed in order that the proxy may be entitled to vote, as that the authorization must be in writing, properly witnessed, acknowledged, filed with the records, etc. In creating this provision it was not in the mind of the legislature to curtail the right of voting by proxy, but rather that such right might be exercised by stockholders within any reasonable restrictions which the corporation deemed proper to incorporate into their by-laws. The statute gives to the corporation the power to regulate the exercise of the right, but no power to either qualify or limit the right, and certainly no power to so shackle the right as to result in its nullification.

As a second ground of opposition to the granting of the motion for substitution it is insisted that James Alva Watt, by reason of his relations to the respondent as attorney, is disqualified to represent the petitioner in the prohibition proceeding. We attach but little importance to this contention, and do not deem it necessary to enter into a discussion of the questions, namely: 1. Are the interests of the receiver and the bank antagonistic? or 2. Is Watt attorney for the respondent in the above-entitled cause? The conclusion we have arrived at upon the preceding question discussed declares the business relations theretofore existing between the bank and its attorneys, Messrs. Delmas & Shortridge, were severed by virtue of the action of the newly and legally elected board of directors, and such being the case the attorneys opposing this motion stand before us as strangers to the proceeding, having no interest or standing in the litigation; and we are unable to see that it is of any concern to them who represent the various parties in this proceeding. As to Mr. Watt's conduct in the litigation, all that he has done has been open

and upon the record.    There has been no conceal-
ment, no imposition practiced upon the court, but, up-
on the contrary, all that has been done in the past,
and all that he proposes to do in the future, he
has done, and proposes to do, under a claim of right,
supported by the law.    These things being so, until
some party to the litigation objects, we will not investi-
gate.   ·If all parties to the litigation are satisfied we
know of no proper party to object.    We might suggest
in conclusion that Mr. Watt states in open court that he
desires to be substituted as attorney for the petitioner
bank in order that he may dismiss the prohibition
proceeding.    The bank retains him as its attorney
to dismiss the proceeding, and there is no reason why
it has not the right so to do.    Such a dismissal in
no aspect of the case prejudices the interests of the re-
spondents, and the bank, the petitioner, has the right
to dismiss its petition if it deem such the proper course.

The motion for a substitution as prayed for is
granted.

McFARLAND, J., VAN FLEET, J., HARRISON, J., and
BEATTY, C. J., concurred.