[L. A. No. 5364. In Bank.—January 28, 1918.]

## SALINE VALLEY SALT COMPANY (a Corporation), et al., Petitioners, v. JOHN D. WHITE et al., Respondents.

CORPORATIONS — STOCKHOLDERS' ANNUAL MEETING — ARIZONA CORPORATION—MEETING DAY FALLING ON SUNDAY—REGULARITY OF MEETING ON FOLLOWING MONDAY.—Under section 3287 of the Civil Code of Arizona providing that anything of a secular nature provided or agreed to be done on a fixed day, may, if the day named falls on a holiday, be performed on the ensuing day, where the by-laws of an Arizona corporation fixed June 10th in each year as the day for the annual meeting of stockholders, and that day falling on a Sunday, the secretary after conferring with four of the directors made the call for the following Monday instead of Sunday, a meeting on Monday, attended by holders of more than nineteen-twentieths of the stock should be considered in law as the lawful regular annual meeting of the stockholders, such meeting being something "provided to be done" within the meaning of the code provision referred to.

ID.—SECRET MEETING ON REGULAR MEETING DAY — BAD FAITH AND UNFAIR DEALING.—The acts of stockholders, who, after advising or participating in a call for an annual meeting of stockholders on a Monday, on the ground that a meeting on Sunday, the day fixed by the by-laws, would be illegal, met without notice on the Sunday and elected themselves directors, were inconsistent with good faith and fair dealing toward their associates.

ID.—ANNUAL MEETING — PARTICIPATION IN CALL — WAIVER OF INFORMALITIES.—Participation by an officer of a corporation in a call for a meeting is a waiver of informalities in such call.

ID.—MEETING ON DAY NOT NAMED IN BY-LAWS.—Generally speaking, the annual meeting for the election of officers need not be held on the day named in the by-laws, but may be held on a later day.

ID.—ELECTION OF DIRECTORS — STOCKHOLDER NOT INJURED MAY NOT QUESTION.—Only a stockholder whose rights have been infringed may question an election.

ORIGINAL proceedings by a corporation and stockholders for a Writ of Mandate.

The facts are stated in the opinion of the court.

George J. Denis, Oliver O. Clark, and Claud B. Andrews, for Petitioners.

Fred N. Arnoldy, and J. W. Hocker, for Respondents.

THE COURT.—An original application for a writ of mandate was made to the district court of appeal of the second appellate district, and after a hearing a peremptory writ was granted in accordance with the prayer of the petition. Afterward the matter was transferred to this court.

In the opinion of the learned district court of appeal the essential facts and one of the principal questions are set forth as follows:

"In this proceeding the petitioners seek to compel the delivery to them by the respondents of the papers and records of petitioner corporation. The controversy is between rival sets of persons asserting, respectively, that they are the officers and directors of the corporation. The petitioners other than the corporation claim to have been elected directors at a meeting of the stockholders held June 10, 1917. At the time of the meeting the outstanding capital stock of the corporation was one million shares, and the presence of the holders of a majority of the shares, either in person or by proxy, was necessary to constitute a quorum for the transaction of business. At the meeting there were present 97,381 shares by their owners and 480,408 shares by proxy, or a total of 577,789 shares. At the time all the proxies were issued, the holders of which were at the meeting, the by-laws of the corporation provided that 'stockholders may vote at all meetings either in person or by proxy appointed by instrument in writing subscribed by the stockholder or his duly authorized attorney, and granted not more than thirty days before the

meeting, which shall be named therein.' Proxy-holders at the meeting held proxies then more than thirty days old representing 286,652 shares. If these proxies had expired, the number of shares present at the meeting was 291,137, instead of 577,789; the meeting was not a legal one, for lack of a quorum; and the petitioners have no standing in this proceeding.

"The petitioner corporation is a creature of the laws of Arizona and the constitution of that state guarantees to stockholders the right to be represented by proxy at corporate meetings. The petitioners concede that an Arizona corporation may by its by-laws regulate the exercise of the right to vote by proxy but contend that a by-law limiting the life of proxies to a period of thirty days is not a regulation but, in effect, a destruction of the right."

Upon this question the court agreed with the contention of the petitioners, basing that conclusion upon the authority of *People's Bank* v. *Superior Court*, 104 Cal. 649, [43 Am. St. Rep. 147, 29 L. R. A. 844, 38 Pac. 452], wherein a by-law which provided that no proxy should be voted by anyone not a stockholder was held to declare an unreasonable rule and one of no force. Upon the analogy of that decision it was decided that the by-law here considered was unjust and void, the court saying: "To limit the life of a proxy to thirty days is unreasonable. Such a limitation serves to disfranchise a stockholder sojourning abroad and it might even have such an effect upon one traveling from place to place in this country. Under such a rule a tourist stockholder would be bound not only to mail from the antipodes, if he happened to be there, separate proxies for all stated meetings of the stockholders of his corporation, but he might very easily be deprived of the right to vote at special meetings held on hurried call as occasion for them might from time to time arise. If there exist a right to fix the life of a proxy through by-law provision at all, that life cannot be fixed at so short a period as thirty days."

Without giving our assent to this conclusion, but for the purposes of this opinion conceding its correctness, nevertheless we feel compelled to disagree with our brethren of the district court of appeal in the conclusion reached by them regarding the regularity of this meeting.

The principal facts relating to the meetings are well stated in the opinion of the district court of appeal as follows:

"The meeting at which the petitioner directors claim to have been elected was held on Sunday, June 10, 1917. The by-laws of the petitioner corporation contain the following provisions: 'The annual meeting of the stockholders, after the year 1903, shall be held on the 10th day of June in each year at 10 o'clock A. M., and the secretary shall give notice thereof without being specially requested so to do. . . . Special meetings of the stockholders shall be called by the secretary at the written request of the president, or two directors, or of stockholders of record owning a third of the stock issued and outstanding. All stockholders' meetings, whether annual or special, shall be called by the secretary by mailing a printed or written notice thereof, stating the day, hour and place of the meeting; and, in case of special meetings, the general nature of the business to be transacted, to each stockholder of record at his last known post-office address, postage prepaid, at least five days, exclusive of the day of mailing, before the date of the meeting. . . . A failure to give the notice for the regular annual meeting shall not invalidate the proceedings of the meeting.' . . .

"The respondents claim to be directors and officers of petitioner corporation by virtue of an election had at a meeting of the stockholders held Monday, June 11, 1917, at the same place at which the meeting of Sunday, June 10, convened. There is no law of Arizona which prohibits the holding of stockholders' meetings on Sundays, but section 3287 of the Civil Code of that state provides: 'Whenever anything of a secular nature other than a work of necessity or charity is provided, or agreed to be done upon a day named, or within a time named, and the day or the last day thereof falls on a holiday, it may be performed on the next ensuing business day with like effect as though performed on the appointed day.' On May 8, 1917, the secretary of petitioner corporation, acting at the request of its president, mailed to the stockholders a notice calling the annual meeting for June 11. The notice stated that the by-laws required the meeting to be held on June 10, recited the fact that the day would fall on a Sunday, and stated that on that account, and 'in accordance with the law of Arizona provided in such instances,' the meeting would be held on the 11th."

The by-laws, although providing that the failure of the secretary to call a regular meeting shall not prevent the holding of such a meeting, also provide that *"All* stockholders' meetings, whether annual or special, shall be called by the secretary." Learning that the regular date of the annual meeting would fall on a Sunday, the secretary conferred with four of the directors and was by them advised to make the call for Monday instead of Sunday. One of his advisers was Mr. Penn, now one of the petitioners in this proceeding, who, after so assenting to the call of a regular meeting on Monday instead of Sunday, afterward met on June 10th with three other stockholders, without notice to the secretary, and under circumstances indicating a wish that their actions should not become known to other stockholders not in sympathy with their ambitions. It is shown that these men stood by and without protest permitted the secretary to send out notices as prescribed by the by-laws calling the regular meeting for the 11th instead of the 10th. It is shown by the affidavit of the secretary that petitioner Penn not only advised the calling of the meeting on Monday, but approved a copy of the call for that meeting which was submitted to him by the secretary. It is a principle of corporation law that participation by an officer in issuing the call is a waiver by him of informalities in such call. (Cook on Corporations, sec. 599.) Therefore, as to Mr. Penn, in any view of the matter it may be said that he is not in a position to complain of the actions of the secretary nor the action of the stockholders at the called meeting. It is also a rule that only a stockholder whose rights have been infringed, and who is equitably entitled to complain, may question an election. (Cook on Corporations, sec. 620.) Generally speaking, the annual stockholders' meeting for the election of officers need not be held on the day named in the by-laws but may be held on a later day. (Cook on Corporations, sec. 595; *People ex rel. Miller* v. *Cummings,* 72 N. Y. 433; *Hughes* v. *Parker,* 20 N. H. 58.)

All of the stockholders now petitioning took part in the meeting on the 11th of June and in the election there held. Some of them took part in the organization of that meeting. The minutes show the following proceedings at the very opening of the meeting of Monday:

"By Mr. Smith: I move that Mr. Penn act as Chairman of the annual meeting of The Saline Valley Salt Company in

the absence of the President, and Mr. White Smith as temporary secretary. ·

"The motion being seconded by J. A. Foote, was put and declared to be unanimously carried."

All of the acts of the petitioners in the premises were inconsistent with good faith and fair dealing toward their associates, and we are convinced that this court should not contribute to the success of their purported election unless convinced that they were acting within their clear rights under the law. Petitioners insist that they were so acting, and rely principally upon the authority of *Cheney* v. *Canfield*, 158 Cal. 342, [32 L. R. A. (N. S.) 16, 111 Pac. 92], for support of their contention in that behalf. It was decided in that case that section 11 of the Civil Code of California does not apply to a meeting of a board of directors, the time whereof is fixed by the by-laws of a corporation. But that case is not controlling as to the effect of section 3287 of the Civil Code of Arizona on the same subject. The decision in *Cheney* v. *Canfield* was based on the proposition that by-laws of a corporation do not come within the designation of the term "law or contract" as used in section 11 of the Civil Code. That section provides that "Whenever any act of a secular nature . . . is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, it may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed." It may be conceded for the purposes of the case that that decision is correct in holding that the by-laws of a corporation do not constitute a contract in the meaning of section 11. The general rule is that such by-laws do constitute a contract between the stockholders of the corporation. (*Riverside Land Co.* v. *Jarvis*, 174 Cal. 316, [163 Pac. 54, 59] ; *Lum* v. *American Wheel etc. Co.*, 165 Cal. 661, [Ann. Cas. 1915A, 816, 133 Pac. 303].) But however this may be, the Arizona statute does not use the words "law or contract." It declares "Whenever anything of a secular nature other than a work of necessity or charity is provided, or agreed to be done upon a day named, or within a time named, and the day or the last day thereof falls on a holiday, it may be performed on the next ensuing business day with like effect as though performed on the appointed day." It will be seen that this rule applies to all cases where anything of a secular

nature, not a work of necessity or charity, is provided or agreed to be done upon a day named, regardless of the manner in which the time is fixed.   Certainly a meeting fixed by the by-laws of a corporation for a certain day was something "provided to be done" on the day fixed, and could, therefore, be lawfully done on the following day if the day fixed were a holiday.   This being the case, the meeting of June 11th, held as it was in pursuance of a notice by the secretary, acting on the president's order, that the regular day was a holiday, and that, therefore, the meeting would be held on the following day, and attended as it was by the holders of more than nineteen-twentieths of the stock, should be considered in law as the lawful, regular annual meeting of the stockholders. Therefore, the petitioners have no ground for the mandate prayed for.

The writ is denied.