[Civ. No. 5052.   First Appellate District, Division Two.—December 30, 1924.]

ROYAL INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—INJURY TO EMPLOYEE—CAUSE OF INFECTION — EVIDENCE.—In this proceeding by an employee for compensation for an injury found by the Industrial Accident Commission to have been sustained by bumping his knee against a gate

---

1. Recovery for infection under Workmen's Compensation Act, note, L. R. A. 1918F, 876.

Right to compensation as affected by external infection from, or subsequent incident of, original injury, under Workmen's Compensation Act, note, 7 A. L. R. 1186.

upon the ranch on which he was working, which injury caused a slight wound, followed by a severe infection, while the nature of the injury, the facts and circumstances surrounding the same and the symptoms which followed made it impossible to demonstrate, beyond the possibility of a doubt, the exact cause of the infection, yet such demonstration was not required.

[2] Id.—Medical Testimony — Award—Certiorari.—Where there is medical testimony in the record sufficient to sustain an award of the Industrial Accident Commission, a court of review is not concerned with the conflicting testimony introduced before the Commission.

(1) Workmen's Compensation Acts, **C. J.,** p. 115, n. 37 New. (2) Workmen's Compensation Acts, **C. J.,** p. 123, n. 41, 43, p. 124, n. 67.

PROCEEDING in Certiorari to annul an order of the Industrial Accident Commission awarding compensation. Modified and affirmed.

The facts are stated in the opinion of the court.

R. P. Wisecarver and F. N. Foley for Petitioner.

Warren H. Pillsbury for Respondents.

LANGDON, P. J.—This matter comes to us upon a writ of review. It is contended first that the evidence before the Industrial Accident Commission did not warrant a finding that G. W. Rollins sustained an injury by bumping his knee against a gate upon the ranch on which he was working, which injury caused a slight wound, followed by a severe infection. We shall not review the evidence here. [1] It is true that the nature of the injury, the facts and circumstances surrounding .the same, and the symptoms which followed made it impossible to demonstrate, beyond the possibility of a doubt, the exact cause of the infection which resulted in most severe and lengthy illness for applicant Rollins. But such demonstration was not required. [2] There is medical testimony in the record sufficient to sustain the award and that being true, we are not concerned with the conflicting testimony introduced before the Commission. (*Southern Pac. Co.* v. *Industrial Acc. Com.,* 177 Cal. 378

[170 Pac. 820] ; *General Accident, etc.,* v. *Industrial Acc. Com.,* 186 Cal. 653 [200 Pac. 419].)

The only other point raised is that the Industrial Accident Commission erred in allowing compensation after August 1, 1924, as it appears from the evidence that, upon that date, the applicant returned to his work at his regular wages. The respondent does not contest this claim and has attempted to correct the error by securing a stipulation from the applicant that the award should be modified so as to terminate the compensation allowed to applicant as of August 1, 1924. A modification of the order was made, accordingly, by the Industrial Accident Commission.   This modification was made while an application for a writ of review was pending in this court, and petitioner is not satisfied as to its efficiency to effect its purpose, contending that the Industrial Accident Commission was without jurisdiction to make any effective modification of its judgment at that time.   In order to place the matter beyond question and effectively carry out the expressed desire of all parties hereto and to do justice under the facts appearing in evidence, we modify the award of the Industrial Accident Commission entered herein on September 10, 1924, so as to terminate, on August 1, 1924, the disability compensation allowed to applicant, subject, however, to the continuing jurisdiction of the Industrial Accident Commission to make any further allowance under the powers given it by the Workmen's Compensation, Insurance and Safety Act that conditions in the future may warrant.

With such modification, the award of the Industrial Accident Commission is affirmed.

Nourse, J., and Sturtevant, J., concurred.