[Civ. No. 15226.  Second Dist., Div. One.  Aug. 16, 1946.]

ARDANELLE M. CARRADINE, Appellant, v. JOHN R. CARRADINE et al., Respondents.

Werner O. Graf and Roderick Johnston for Appellant.

Leonard Wilson, Ben C. Cohen and Arnold L. Leader for Respondents.

WHITE, J.—On June 29, 1945, plaintiff filed an action in the Superior Court of Los Angeles County against her former husband, John R. Carradine, and the other above named defendants. In that action the relief prayed for was (1) to have it judicially declared that defendant John Carradine Productions, Inc., a corporation, was the *alter ego* of her divorced husband; (2) for judgment against defendant John R. Carradine and the corporation in the sum of $5,000; (3) for an accounting; (4) for attorney's fees; and (5) for appointment of a receiver.

On the same day that plaintiff filed her complaint she also filed in the proceeding an affidavit wherein she averred in part that her action was one for the recovery of money on a cause arising upon express contract; that the defendant John R. Carradine was about to depart from the State of California with the intent to defraud his creditors, and particularly to defraud plaintiff herein. Upon the filing by plaintiff of an undertaking in the sum of $1,000, an order was issued for the arrest of defendant John R. Carradine (Code Civ. Proc., §§479, 480, 481).

On July 2, 1945, a motion was made on behalf of defendant John R. Carradine to vacate the order of arrest (Code Civ.

Proc., § 503). According to the clerk's transcript now before us, the motion was "argued by counsel on the sufficiency of the affidavit of Ardanelle M. Carradine on file herein." It was upon this affidavit that the order for the arrest of defendant John R. Carradine was issued. After hearing arguments by counsel for the respective parties, the court made an order granting the aforesaid motion, discharging defendant John R. Carradine, and exonerating his bond. From the order granting the motion to vacate the order of arrest plaintiff appealed.

When the record on appeal was lodged in this court, and following the filing of appellant's opening brief, respondent moved to dismiss the appeal on the ground that the order from which the appeal was taken is not an appealable order within the purview of section 963 of the Code of Civil Procedure "or any other provisions of the laws of the State of California"; and on the further ground "that the issues involved in said order of arrest and the subsequent order vacating said order of arrest have now long since become moot, your affiant being presently in the State of California with no intent to depart therefrom except and unless in furtherance and in compliance with professional" (theatrical) "engagements, . . ."

As respondent points out, the order appealed from is not one enumerated in subdivision 2 of section 963 of the Code of Civil Procedure from which an appeal may be taken. Unless, therefore, it can be held that this is a final judgment within the meaning of subdivision 1 of section 963 of the Code of Civil Procedure, it would appear that the motion to dismiss is well taken. The order here appealed from is not one made after judgment.

■ Generally speaking, we think it may be said that civil arrest is an auxiliary remedy designed to keep the defendant within reach of the court's final process. In that regard it is analogous to an attachment, and is not appealable if merely interlocutory. Orders dissolving or refusing to dissolve an attachment are, however, specifically made appealable by subdivision 2 of section 963 of the Code of Civil Procedure.

■ The term "final judgment" is not limited to those decrees or decisions which finally determine all the issues presented by the pleadings. The term is equally applicable to a decree, order or decision which finally determines a collateral matter distinct or severable from the general subject of the litigation. (2 Cal.Jur. § 21, p. 144.) Thus, in the case of

*Hibernia S. & L. Soc.* v. *Ellis Estate Co.*, 216 Cal. 280, 281 [13 P.2d 929], an appeal was taken from an order setting aside and vacating an order appointing a receiver, for which no appeal is provided in subdivision 2 of section 963 of the Code of Civil Procedure. The contention was advanced that the order appealed from was a final judgment, in that it amounted to a final determination of a collateral matter. distinct from the general subject of the litigation—a judgment that was conclusive of a question in the case, and final as to that question. After pointing out the effect of an order appointing a receiver, the Supreme Court says (p. 282) : "Therefore, it would seem that the order vacating the order appointing the receiver and directing him to pay the money collected by him over to the defendants, which order, in effect, amounts to a discharge of the receiver, is of such finality on that phase of the case as to be appealable as a final judgment within the meaning of section 963 of the Code of Civil Procedure. . . . [Citing cases.] "

From a review of the cases arising in this state determining the question of what is a "final judgment," we are convinced that an appeal may be taken from an order not specifically mentioned in subdivision 2 of section 963 of the Code of Civil Procedure only when such order is made in collateral proceedings and determines the rights of the parties in the property involved or directs the performance of an act by or against a party. (2 Cal.Jur. § 21, p. 144, and cases therein cited.)

We have been cited to no California cases bearing on the precise question now before us, nor has our search in that regard been fruitful. However, in *Crooker* v. *Knudsen,* 232 F. 857, 858 [147 C.C.A. 51], the United States Circuit Court of Appeals for the Ninth Circuit, in dismissing a writ of error on the ground that an order setting aside an order of civil arrest is not a final judgment and is not appealable, said: "And the state courts have uniformly held that, in the absence of a statute allowing an appeal, no appeal lies from an order sustaining or dissolving a writ of arrest in a civil action. . . . [Citing cases from other jurisdictions.] "

The order with which we are here concerned does not finally determine the rights of appellant in the property or money involved in the action or in other relief sought, or in any part thereof, nor does it direct the performance of any act by or against appellant, and thus, as was said in *Grant* v.

*Superior Court,* 106 Cal. 324 [39 P. 604], it lacks ''one essential element of a final judgment.''

The foregoing conclusion at which we have arrived renders it unnecessary to discuss or decide the other grounds advanced for a dismissal of the appeal.

The appeal is dismissed.

York, P. J., and Doran, J., concurred.