[Civ. No. 18039.   Second Dist., Div. One.   Sept. 7, 1950.]

THE DESERT CLUB (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Harold D. Geffen for Petitioners.

H. W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

Julius Mackson for Frank Stone, Real Party in Interest.

DRAPEAU, J.—The Desert Club is a California coration, with but two directors.  The company is authorized to have three directors, but has no third director qualified to act as such.  Petitioner Edward Glick and Frank Stone are the directors, and each holds an equal amount of stock.

These two parties have been unable to agree as to the management of the affairs of the corporation, or the appointment of a third director.  So one of them brought this proceeding in the superior court, under section 819 of the Corpora-

tions Code, and prayed the court to appoint an impartial person to act as a director.

The matter was heard by the court on order to show cause and affidavits. No evidence was taken, and no findings were made. The court ordered the appointment of a provisional director.

The other party, owner of stock and director, petitions for a writ of review, upon the ground that no trial was had, the issues being decided upon affidavits only, and there being no findings of fact or conclusions of law.

No trial procedure is prescribed to carry out the provisions of section 819 of the Corporations Code. The section was enacted in 1947, and was based upon former Civil Code, section 404, subdivision C, enacted in 1931. No cases have been called to the attention of the court relative to the procedure to be followed by the superior court in matters arising under this statute.

Counsel for Frank Stone now concedes that a trial in the usual manner provided by our law was necessary. It is suggested, however, that the court has the power to appoint a provisional director—a director pendente lite—to meet the immediate needs of the corporation.

These matters are not to be reviewed in this proceeding. The writ of certiorari, or review (Code Civ. Proc., § 1067) is available in this state only if the following conditions are present: (1) an excess of jurisdiction on the part of an inferior tribunal; (2) no right of appeal; and (3) no other plain, speedy, and adequate remedy. (*Redlands etc. Sch. Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490]; *Shrimpton* v. *Superior Court,* 22 Cal.2d 562 [139 P.2d 889].)

The order complained of was an appealable order. (Code Civ. Proc., § 963.)

Decision of the case in the superior court upon affidavits only, and not upon evidence, and the failure to make findings and conclusions of law, are errors in the exercise of jurisdiction, and cannot be annulled on certiorari. (4 Cal.Jur. 1036 and cases cited.)

The writ is denied.

White, P. J., and Doran, J., concurred.