[Civ. Nos. 14852, 14956. First Dist., Div. One. Aug. 29, 1951.]

CARL LESLIE EDLUND et al., Respondents, v. LOS ALTOS BUILDERS (a Corporation), Appellant.

(Two Cases.)

Alfred W. Bowen, Gardner Bullis and Gordon Eustice for Appellant.

Moerdyke & Anderson and Stanley R. Evans for Respondents.

PETERS, P. J.—The Edlunds, husband and wife, as two of the four directors of Los Altos Builders, a California corporation, and as claimed owners of a one-half stock interest therein, brought an action against the corporation to secure its involuntary dissolution. The complaint alleges that the two plaintiffs cannot agree with the other two directors and owners, the Turners, as to the management of corporate affairs, that the Turners have been guilty of fraud, misman-

agement and abuse of authority, and that there is danger that the corporate property and business will be impaired or lost. The corporation's answer denies the material allegations of the complaint, and cross-complaints, alleging that the Edlunds had resigned as directors, were indebted to the corporation, and had been guilty of some acts of fraud. The cross-complaint prays that the Edlunds be enjoined from disposing or selling any of the corporate property, and, in connection with the cross-complaint, certain property belonging to the Edlunds was attached.

Several orders and motions have been made in this action that have led to the various motions now pending before this court. After the involuntary dissolution case was at issue, Carl Edlund filed an affidavit calling the attention of the court to the pendency of the dissolution proceedings and to the fact that the four directors were evenly divided and could not agree as to corporate policy, and averring that there was danger that, for such reasons, the corporate business and property might be impaired and lost. Thereupon, the trial court, based upon the complaint and affidavit, issued its order requiring the corporation to show cause "why a provisional director should not be appointed pursuant to the provisions of Section 4655 of the Corporations Code." Thereafter, a counteraffidavit was filed by the accountant of the corporation on its behalf. No hearing was had or other evidence taken. On September 21, 1950, the trial court granted the motion to appoint a provisional director, and appointed one Michael Dowley as such director until further order of the court or until removed by the vote of a majority of the voting shares of the corporation. The defendant then moved to vacate or to amend the order appointing the provisional director. This motion was denied on November 10, 1950. The defendant has appealed from both orders. Plaintiffs have moved to dismiss both of these appeals on the ground that they have been taken from nonappealable orders. These appeals are numbered 1 Civ. 14852.

In January of 1951 the Turners secured a temporary restraining order, and an order requiring the Edlunds to show cause on February 5, 1951, why they should not be restrained from doing any act intended, designed or having the effect of interfering, controlling, changing or otherwise obstructing the course and management of the involuntary dissolution proceeding, the existing attachment on the Edlunds property, and including the appeals in 1 Civ. 14852. This order restrained

the Edlunds, their servants, agents and attorneys from doing any of the above acts pending the hearing of the order to show cause. The Turners also filed a notice of a motion for a preliminary injunction to restrain the Edlunds, their servants, agents or attorneys from doing the acts mentioned in connection with the order to show cause.

The affidavit of William G. Turner, filed in connection with the motion for the preliminary injunction (and perhaps also in connection with the order to show cause) avers that on January 21, 1951, he received a notice of a directors' meeting of the Los Altos Builders; that he was out of town at that time; that the meeting was called for January 25, 1951; that he had to be away on business that day; that the purpose of the meeting was stated to be to discharge present counsel for the corporation and employ new counsel and to employ a certified public accountant to audit the corporation's books; that he had Attorney Bowen so advise Dowley, the provisional director, of the purpose of the meeting, and the attorney also told Dowley that he objected to the Edlunds voting on the matters at the meeting; that on January 26, 1951, Bowen was notified in writing that he was discharged as attorney for the corporation. It is averred that this is a scheme of the Edlunds to tie the corporation up in litigation, and to release the attachment on the Edlunds' property.

The motion for a preliminary injunction was denied by an order dated February 28, 1951, and filed March 2, 1951.

Also on March 2, 1951, the trial court filed another order, also dated February 28, 1951, granting a motion, opposed by the Turners, to substitute Bowen out as attorney for the corporation.

A notice of appeal has been filed purporting to appeal from both of the orders of March 2, 1951. The notice is signed:

"Alfred W. Bowen,
Gardner Bullis, •
Gordon Eustice,

By Alfred W. Bowen
Attorneys for Defendant."

Respondents have moved to dismiss both appeals. These appeals are numbered 1 Civ. 14956.

The appellant has also moved in this court to consolidate the four appeals, and to take some additional evidence.

*The Appeals from the Order Appointing the Provisional Director, and from the Order Refusing to Vacate that Order—1 Civ. 14852.*

█ These two appeals must be dismissed because the order appointing a provisional director is, in our opinion, not appealable. █ This necessarily means that the order refusing to vacate that order is also nonappealable. (*Litvinuk* v. *Litvinuk*, 27 Cal.2d 38 [162 P.2d 8].)

In our opinion, the order appointing the provisional director is not appealable, for the following reasons: If that order is interlocutory in nature no appeal will lie therefrom. █ Only those interlocutory orders are appealable that are expressly made appealable by statute. (*David* v. *Goodman*, 89 Cal.App.2d 162 [200 P.2d 568].) It is conceded that there is no statute making an order appointing a provisional director appealable. Therefore, if that order is appealable, it is so only because it is a final order or judgment within the meaning of section 963 of the Code of Civil Procedure. █ We think that it is not a final order within the meaning of that section.

█ It is true, as urged by appellant, that to come within the purview of section 963 the order or judgment need not be *the* final order or judgment. It is appealable if it is *a* judgment or order that finally determines a collateral matter distinct or severable from the general subject of the litigation. (*Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 P. 39]; *Carradine* v. *Carradine*, 75 Cal.App.2d 775 [171 P.2d 911]; *Grant* v. *Superior Court*, 106 Cal. 324 [39 P. 604]; *Los Angeles* v. *Los Angeles C. Water Co.*, 134 Cal. 121 [66 P. 198]; *Fish* v. *Fish*, 216 Cal. 14 [13 P.2d 375].) In *Sjoberg* v. *Hastorf*, 33 Cal.2d 116 [199 P.2d 668], the Supreme Court, in holding that an order finding that there was no agreement to arbitrate was not appealable, stated (p. 119): "An appeal is allowed if the order is a final judgment against a party in a collateral proceeding growing out of the action. [Citing cases.] It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant·or the performance of an act by or against him. [Citing cases.] There is no such direction in the present case. If appellants have a right to arbitration they may assert it on the appeal from the final judgment in the contract action. Thus no greater hardship will result than in

any case where a party is forced to stand trial because of an erroneous ruling of the trial court.''

 Appellant cannot bring itself within this rule. Here, the pending proceeding was for the dissolution of the corporation. The order appointing the provisional director was incidental to, and an integral part of, that proceeding. It did not direct the payment of any money by appellant, nor the performance of any act by or against it. The appointment of the provisional director was incidental to the issues raised by the complaint. The order was intended to preserve the assets of the corporation pending the determination of the dissolution proceedings. As such, it was clearly interlocutory in nature, and, since not made appealable by statute, is nonappealable. It is, in many respects, comparable to an order appointing a receiver. Such order, prior to 1897, when expressly made appealable by statute, was held to be interlocutory and not appealable. (*Jacobs* v. *Superior Court,* 133 Cal. 364, 365 [65 P. 826, 85 Am.St.Rep. 204].) ·

Appellant contends that the order appointing the provisional director is appealable under the authority of *Desert Club* v. *Superior Court,* 99 Cal.App.2d 346 [221 P.2d 766]. That case is not in point. There, two directors of a domestic corporation, each owning half of its stock, were unable to agree on corporate policies or upon the selection of a third director. One of them brought a proceeding, the sole purpose of which was to secure the appointment of a provisional director under section 819 of the Corporations Code, which permits such an independent proceeding even though an action for dissolution is not pending. The court ordered such a director appointed. The other director sought to annul that order on certiorari. The writ was denied because the order appointing the director was appealable, being a final order under section 963 of the Code of Civil Procedure. Of course, the order there involved was appealable because it finally disposed of the only issue pending before the court. But in the present case the proceeding is under section 4655 of the Corporations Code permitting the trial court, where directors are deadlocked ''in an action for an involuntary winding up and dissolution of the corporation,'' to appoint a provisional director. Under this section the appointment of the director is ancillary and incidental to the main object of the proceedings. It is but one optional step in the winding up process. For that reason the order, when made in an invol-

untary dissolution proceeding, must be held to be interlocutory in nature, and therefore not appealable.

■ This does not mean that the minority shareholders are powerless to protect their rights in the dissolution proceedings. Section 4653 of the Corporations Code expressly permits any shareholder of the company to intervene in the involuntary dissolution proceedings. The record here shows that the Turners have intervened in that action. This is the proper way to protect their rights. If the order appointing the provisional director in an involuntary dissolution proceeding were appealable, it would defeat the very purpose of permitting such an appointment in such a proceeding, which purpose is to provide a summary procedure to protect and to preserve the business and assets of the company. ■ The propriety of such an appointment can be reviewed upon the appeal from the order of dissolution, if one is made. For these reasons, the two appeals under discussion must be dismissed.

It should be mentioned that while Attorney Bowen took these appeals while attorney for the corporation, he is no longer such attorney, and no longer has power to act for the corporation. The present attorney for the corporation has joined in the request that the appeals be dismissed.

*The Appeal from the Order of Substitution of Attorneys, and the Appeal from the Order Denying the Preliminary Injunction—1 Civ. 14956.*

■ The appeal from the order substituting attorneys is sought to be dismissed on the ground that it is not an appealable order. Such an order is not specifically listed as an appealable order in section 963 of the Code of Civil Procedure, so that if it is appealable it must be because it is a final order in a collateral matter. It would appear that such an order is interlocutory, and therefore not appealable. (*Telander* v. *Telander*, 60 Cal.App.2d 207 [140 P.2d 204], where an appeal by the discharged attorney was dismissed; in *Gage* v. *Atwater*, 136 Cal. 170 [68 P. 581], the problem was left open.) The order is interlocutory because it is not aimed at a party to the litigation. A majority of the directors has simply discharged a prior attorney for the company and substituted another one. Now the corporation, through the discharged attorney, purports to attack that order by attacking the authority of the directors. That is one of the basic questions to be settled in the involuntary dissolution proceedings. The order is,

therefore, interlocutory, and the appeal therefrom should be dismissed.

The order denying the preliminary injunction is specifically made appealable by statute. Respondent seeks to dismiss this appeal on the ground that it purports to be an appeal by the corporation, but the notice of appeal is not signed by the corporation or by its attorney but by Bowen who has been discharged by the corporation as its attorney. ██ While a notice of appeal need not be signed by appellant's attorney of record as long as it is signed by an attorney in fact empowered to act for the appellant (*Estate of Hultin*, 29 Cal.2d 825 [178 P.2d 756]), it cannot be signed by an unauthorized person. It must be signed by the appellant or his attorney. (Rule 1 of the Rules on Appeal.) Here, it affirmatively appears that the notice of appeal from the order denying the preliminary injunction, as well as the notice of appeal from the order substituting attorneys, was signed by Attorney Bowen. The record shows an order discharging Bowen and substituting another attorney for the corporation. The transcript shows an order of substitution, and also that Bowen was served with notice of the substitution. By the order of substitution Bowen became a stranger to the proceeding and has no standing in the litigation, except as attorney for the Turners, whom he represents in the intervention proceedings. (*People's Home Sav. Bank* v. *Superior Court*, 104 Cal. 649 [38 P. 452, 43 Am.St.Rep. 147, 29 L.R.A. 844].) Thus, since the notice of appeal was signed by an admittedly unauthorized person, and since the appellant corporation objects to the appeal, the appeals from both orders dated March 2, 1951, must be dismissed.

*The Motions to Consolidate and to Take Additional Evidence.*

Because the four appeals must be dismissed, it is not necessary to pass upon the merits of these motions. They become moot.

For the reasons stated, the appeals from the order appointing the provisional director, the order denying the motion to vacate or amend the order appointing the provisional director, the order of substitution of attorneys, and the order denying the application for a preliminary injunction, and the motions to consolidate and to take additional evidence are all dismissed.

Bray, J., and Wood (Fred B.), J., concurred.