[Civ. No. 1928. Third Appellate District.—April 2, 1919.]

BRIDGET GIANELLI, as Administratrix, etc., Respondent, v. MICHAEL BRISCOE, Appellant.

[1] APPEAL—DISSOLUTION OF PARTNERSHIP—INTERLOCUTORY DECREE.— In an action for the dissolution of a partnership and for a partnership accounting, a decree determining that a partnership had existed prior to the time the defendant had breached the partnership

agreement and that plaintiff is entitled to a decree dissolving the partnership, to an accounting from the defendant of all the profits thereof since the breach, and to have all the property of the partnership, including the goodwill thereof, sold and the proceeds equally divided between them, but leaving for future determination and adjudication the question as to the proceeds and profits accruing and derived from the business of the partnership which were received by the defendant and converted by him to his own exclusive use, is merely an interlocutory decree from which an appeal will not lie.

[2] JUDGMENTS—WHEN FINAL.—A judgment is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

APPEAL from a judgment of the Superior Court of San Joaquin County.    D. M. Young, Judge.

The facts are stated in the opinion of the court.

A. H. Ashley for Appellant.

A. H. Carpenter for Respondent.

HART, J.—The pleadings disclose that there is a dispute between the parties as to whether or not, for about fourteen years, there was a partnership existing in the saloon business in the city of Stockton, between Andrew Gianelli, plaintiff's intestate, who commenced the action, and the defendant.

The complaint was filed on October 16, 1916; it was alleged that a partnership between the parties was formed in April, 1902; that it existed until July 2, 1916, at which time defendant took exclusive possession of the partnership property and has prevented plaintiff from having access thereto, and retains the income derived from said business. The prayer of the complaint was that said partnership be dissolved; that a receiver be appointed to take possession of the partnership property; that defendant be ordered to account to plaintiff for all moneys and property received by him, in running said partnership, since the second day of October, 1912; that plaintiff's share thereof be paid to him by the receiver out of the proceeds realized from the sale of the property and for judgment against defendant for any deficiency.

On April 16, 1917, the trial court caused to be filed an "Interlocutory Decree," the material portions of which are as follows: "This cause came regularly on for trial upon certain preliminary questions as to whether a partnership existed between plaintiff and defendant, and whether plaintiff was entitled to a dissolution of the same, and to an accounting thereof, on the 5th day of December, 1915, before the court sitting without a jury." It was then stated that evidence was introduced and the matter was submitted to the court for decision; "and all and singular the law and the premises being understood and considered, the court makes and renders its interlocutory decree herein as follows: . . .

"That from the date of the aforesaid agreement of partnership up to the 2nd day of July, 1916, both plaintiff and defendant observed and carried out the terms and conditions of said agreement, when on the date last named the defendant, in violation of the terms and conditions of said agreement of partnership, took exclusive and adverse possession of said entire saloon business and all the property thereof, including all the proceeds and profits thereof since the 2nd day of July, 1916, and converted the same to his own use, and thereby deprived plaintiff of his right thereto.

"The plaintiff is entitled to a decree dissolving the aforesaid partnership and to an accounting from defendant of all the profits thereof since the 2nd day of July, 1916, and to have all the property of said partnership, including the good will thereof, sold, and to have all the proceeds of such sale and the net amount of all moneys received by said defendant from said partnership business since the said 2nd day of July, 1916, as may appear by said accounting, equally divided between him and said defendant, and the defendant is hereby directed to render such account within 30 days from date hereof.

"It is further ordered that upon the rendition of said account and a satisfactory settlement and division of the proceeds thereof, and after a legal and proper sale of all the said partnership property and a satisfactory division of the proceeds thereof, as herein provided, the same be reported to this court for approval and confirmation."

Other than what might be regarded as such in the decree, the court made no findings.

Defendant appeals from the judgment under the alternative method.

The first proposition submitted for consideration is that the decree is merely interlocutory, and that, therefore, no appeal lies therefrom. Upon that ground the respondent insists that the appeal should be dismissed. On the other hand, the appellant contends that since, as is the claim, all the vital issues in controversy are adjudicated by the decree, the same is final.

[1] It is not claimed that if the decree from which the appeal is taken is interlocutory, it is one from which an appeal will lie. Nor in that case could any such claim be sustained, inasmuch as it is not among those interlocutory orders or decrees from which an appeal is authorized to be taken by section 963 of the Code of Civil Procedure. (*Illinois Trust & Sav. Bank* v. *Alvord*, 99 Cal. 407, 410, [33 Pac. 1132].) And we think the decree appealed from is merely interlocutory and not a final judgment. It will be observed that it leaves for future determination and adjudication the question as to the proceeds and profits accruing and derived from the business of the partnership from the second day of July, 1916, which, it is stated in the decree, were received by the defendant and converted by him to his own exclusive use. It is, therefore, still necessary, before a final judgment can be rendered, that the amount of such proceeds and profits shall be ascertained by the accounting which was ordered and the same determined and adjudicated by the court upon a consideration of the report of the account of said proceeds to be rendered and returned by the defendant within thirty days from the date of the rendition and entry of the decree.

It is true that the language of the last paragraph of the decree contemplates that the parties themselves may agree to a settlement, in which case all that would remain to be done would be the approval and confirmation of the same by the court upon a report to it of such settlement. And the appellant takes the position that this is all that can be done or that no more is left to be done except to confirm such report as may be made and to enforce by execution the decree already made. But the position is founded on a precarious or indefinite premise, viz., that there will be arrived at between the parties litigant a satisfactory agreement as to the profits withheld from the plaintiff and the division thereof, but the assumption that such will be the result of the accounting conducted by the parties themselves cannot be granted. It

is possible, if, indeed (in view of the hostile feeling which would in such a, controversy as this naturally arise between the opposing litigants), not probable, that a satisfactory or any settlement cannot be agreed upon between the parties themselves and thus the controversy finally settled. In that case, the court would, of course, be compelled to take evidence and make findings as to the several vital matters necessarily involved in the question of profits retained and converted by the defendant and the division thereof and thereupon render judgment accordingly. It would, in such case, have to be ascertained and determined by the court how much, if any, of the profits of the business that the defendant received into his possession of which he had made no account to the plaintiff or which he had wrongfully appropriated to his sole and exclusive use. It is, however, not material to inquire whether a satisfactory arrangement or agreement might be reached between the parties themselves so as to leave nothing remaining for the court to do but to confirm the findings contained in the report of their accounting and see that the judgment is then executed. The important proposition is, as above stated, that there are vital matters which the decree appealed from does not adjudicate, but which are left for future determination and adjudication by a judgment or decree from which it would not be seriously contended that an appeal would not lie, since, unlike the decree already entered herein, it would involve a full complete, and definitive adjudication of all the essential questions in the action.

[2] A judgment is final only "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." (*Klever* v. *Seawell,* 65 Fed. 373, [12 C. C. A. 653]; *Express Co.'s Case,* 108 U. S. 24, [27 L. Ed. 638, 2 Sup. Ct. Rep. 6, see, also, Rose's U. S. Notes]; *Griffin* v. *Orman,* 9 Fla. 22; *In re Smith,* 98 Cal. 636, 640, [33 Pac. 744]; *Doudell* v. *Shoo,* 159 Cal. 448, 453, [114 Pac. 579].) In the last-named case it is said: "Our system of procedure contemplates that there shall be but one final judgment in a case (citing cases), and in the absence of a clear showing, it is not to be presumed that the court would attempt to dispose of a case piecemeal by successive final judgments, each covering a part of the matter in controversy."

·.In the case of *Clark* v. *Dunnam*, 46 Cal. 204 (cited by appellant), involving an action for the dissolution of a copartnership, the court below made specific findings as to all the assets and indebtedness of the firm, and entered a decree whereby a sale of the partnership property and effects were to be made, and directed the payment of all the debts of the partnership and a distribution of whatever might remain of the proceeds of the sale amongst the copartners in certain proportions which were fixed by the decree. The supreme. court entertained an appeal from the judgment in that case, holding it to be a final judgment, because all the essential matters in controversy were thereby fully and completely adjudicated. There was nothing remaining to be done but to enforce by execution what had been determined by the judgment. The litigation between the parties on the merits was thus terminated. And if, in this case, the court had ascertained and determined the amount of the profits of the business which the decree declares were received and converted by the defendant, and so have determined how much thereof the plaintiff was entitled to, we would, of course, have a case here to which the case of *Clark* v. *Dunnam* would be in all respects analogous, but manifestly that case is not like this and is, therefore, not in point. The other cases cited by the appellant are not similar to this and consequently are of no assistance to him.

Our conclusion is that an appeal does not lie from the decree here, and the appeal therefrom is, therefore, hereby dismissed.

Buck, P. J., *pro tem.*, and Burnett, J., concurred.