[Civ. No. 5806. First Appellate District, Division Two.—May 24, 1927.]

## J. C. SONDERGARD, Respondent, v. RUDOLPH BREAUM, Appellant.

[1] PARTNERSHIP — DISSOLUTION — ORDER FOR SALE OF PROPERTY— FINALITY OF JUDGMENT—APPEAL.—In an action for the dissolution of a partnership, a judgment dissolving the partnership and ordering the sale of partnership property and a division of the proceeds after payment of debts disposes of all material issues and is appealable.

[2] ID.—CREATION OF PARTNERSHIP—CONFLICT OF EVIDENCE—FINDINGS —APPEAL.—In such action, where the trial court could have found

---

1. See 2 Cal. Jur. 140.
2. See 2 Cal. Jur. 921; 2 R. C. L. 194.

either way on conflicting evidence as to the existence of the partnership, the appellate court cannot hold that there was no evidence supporting the finding that the partnership was created.

[3] Id. — Existence of Partnership—Evidence—Findings.—In such action, the evidence was sufficient to support the finding that a partnership existed.

(1) 3 C. J., p. 459, n. 45.    (2) 4 C. J., p. 886, n. 46.    (3) 30 Cyc., p. 413, n. 15.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Anson Hilton for Appellant.

J. W. Bingaman and Ralph W. Arnot for Respondent.

STURTEVANT, J.—From a judgment in favor of the plaintiff the defendant has appealed and has brought up a bill of exceptions. The judgment dissolved an alleged partnership and ordered a sale of the property owned by the partnership and a division of the proceeds after the payment of the debts. No accounting was ordered because one had already been made and filed and the same was adopted by the trial court.

[1] The respondent makes a preliminary objection that the alleged judgment is an interlocutory decree which is not appealable. The appellant replies that the judgment appealed from disposes of all the material issues and therefore comes within the rulings in such cases as *Zappettini* v. *Buckles,* 167 Cal. 27 [138 Pac. 696], and *Guaranty Trust etc. Bank* v. *Los Angeles,* 186 Cal. 110 [199 Pac. 35]. We think the reply is sufficient.

[2] On the appeal the appellant presents one point, that the finding that a partnership existed between the parties is wholly unsupported by the evidence. J. C. Sondergard, the plaintiff, alleged and the trial court found that he, Paul J. Rasmussen and Rudolph Breaum, were copartners, and as such the owners of the parcel of land situated in the city of Oakland and described in the complaint. J. C. Sondergard and Margaret Sondergard are husband and wife.

Rudolph Breaum and Margaret Sondergard are brother and sister. Paul J. Rasmussen, if not related to, is a boarder in the family of, Rudolph Breaum. Carl O. Breaum is a nephew of Rudolph Breaum and of Mrs. Sondergard. Commencing in June, 1923, the parties discussed buying a piece of real estate, building on it, and selling off parcels as so improved. Rudolph Breaum is a carpenter. Rasmussen is a plasterer. Mrs. Sondergard keeps a store. Mr. Sondergard has various business connections. All of the parties are of Danish birth and more or less unfamiliar with the English language, but the Sondergards are more familiar with English and, throughout the proceedings in making the purchase, they acted as spokesmen. Before any property was purchased all seemed to be on friendly terms. Soon after the purchase was made the friendly relations became strained. The testimony taken at the trial discloses the existence of a family quarrel. For the purpose of proving his case the plaintiff took the stand and later he called as witnesses his wife, Paul J. Rasmussen, Carl O. Breaum, and S. C. Hunt. Each and all gave at least some testimony supporting the claim of the plaintiff. The only witness called by the defense was the defendant himself. All of the witnesses agreed that at least at one time they discussed the matter of buying, building, and selling as above stated. The witnesses for the plaintiff testified an agreement was reached to the effect that they should proceed to buy a parcel known as 2576 Twenty-fifth Avenue; that the defendant, with the assistance of Sondergard and Rasmussen was to do the carpenter work; that Rasmussen was to do the plastering; and that Sondergard was to be the business agent. The witnesses for the plaintiff then testified that later it was decided not to buy the property last mentioned but to buy instead the parcel of land described in the complaint which is also known as the Fruitvale Avenue property. Speaking of the time when they examined the latter property the appellant testified that he remarked, "This looks better than the other and I believe we will buy this." It is not disputed but what the latter property was bought, and that the title was taken in the name of the defendant. It is not disputed that the total cost was $8,014.94, that of that sum $6,000 was borrowed on a mortgage, that $1,200 was borrowed by the defendant on his promissory note indorsed by a stranger.

That the remaining moneys were received partly from J. S. Sondergard, partly from Mrs. Sondergard, partly from Rasmussen, and partly from the appellant. At this point all else rests in conflict. The defendant claims that he was the sole purchaser and that the moneys paid by the others were loans made to him, whereas both Rasmussen and Sondergard claim that the advances were not loans to the appellant but were part payments in liquidation of the *pro rata* obligations of Rasmussen and Sondergard. We have carefully read the record many times in an attempt to obtain a full understanding of the story. After having done so we think it is clear that the case is one which the trial court could have decided either way; that the record presents a conflict of evidence as to the existence or nonexistence of the partnership; and that we are not entitled to hold there is no evidence supporting the finding that a partnership was created as alleged in the plaintiff's complaint. [3] All of the parties testified that a partnership was discussed. Sondergard and Rasmussen testified that one was agreed upon; whether it was agreed upon regarding the property located on Twenty-fifth Avenue or the property on Fruitvale Avenue is not clear; but there is no evidence in the record that the agreement once formed was thereafter wholly canceled or abandoned. Mr. S. C. Hunt, an official of the Oakland bank which granted the mortgage loan, testified that he waited on Sondergard and Breaum when they called regarding the loan: "Sondergard said that they were to purchase the property together, and to cut it up into lots, and contemplated building. They did not mention any name, but spoke of it as 'we,' and that their brother and brother-in-law who were present at the time were to be in on the deal." As Mr. Hunt was a disinterested outsider it is difficult to ascertain why his testimony should not be given full weight. No doubt the trial court did give it full weight and we may not say that it erred in doing so.

For the foregoing reasons the judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 21, 1927.