[L. A. No. 18422.   In Bank.   Nov. 9, 1942.]

G. G. BAKEWELL, Respondent, v. HARDING F. BAKE-
WELL, Appellant.

George R. Larwill, Frank S. Balthis, Jr., Michael F. Shan-
non and Thomas A. Wood for Appellant.

C. E. Spencer, E. R. Young and E. L. Searle for Respon-
dent.

SHENK, J.—This is a petition by the defendant for the
writ of supersedeas to stay the effect of a judgment pending
his appeal.   The judgment is entitled "JUDGMENT (Inter-
locutory)."   If it is, in truth, an interlocutory judgment,
an appeal therefrom does not lie and the petitioner is not
entitled to the writ.

In May, 1942, after a partial hearing, the court made find-
ings of fact and conclusions of law, and rendered a judg-

ment which, as stated, was called an interlocutory judgment. The conclusions of law and judgment include intermingled statements of fact and conclusions of law, but the following clearly appears:

The plaintiff G. G. Bakewell and the defendant Harding F. Bakewell were partners engaged in the manufacture of airplane parts and machine tools under the name of "Bakewell Manufacturing Company."

In July, 1941, the plaintiff commenced an action to dissolve the partnership and wind up the partnership affairs. On August 6, 1941, a receiver was appointed who has since been operating the business.

The trial court determined the existence of the partnership and the plaintiff's right to a dissolution; that during the existence of the partnership the defendant had obtained title to six letters-patent covering a mechanical device known as the Bakewell Precision Tapping Machine, and that the defendant holds the same in trust for plaintiff and himself as copartners; that plaintiff is entitled to the repayment of $10,895.88, as an advancement beyond his agreed contribution, and that certain other charges and credits should be made in each partner's account. The judgment provided that a division be made of the cash, accounts receivable and securities in kind, and that the remainder of the assets and the good will of the business be sold; that the physical assets of the partnership plant were being used exclusively for the manufacture of machines necessary for the defense of the United States in the present world conflict; that the conduct of the business could not be stopped without interfering with the war efforts of the United States, and that the partnership should be wound up as soon as it could be done without interrupting those activities.

The judgment ordered the defendant to deliver to the receiver the original letters-patent and the official receipts for applications within fifteen days after entry of the judgment, and to execute and deliver to the receiver certain assignments in respect to the patents, which the receiver was directed to record. It also ordered other acts to be done and reports to be made by the receiver, and granted certain injunctive relief against wrongful assignment by the defendant or any interference with the receiver's conduct and management of the business. It decreed the plaintiff's right to money due him from the partnership, but left the amount thereof, and

the proper distribution of sums derived from the operation of the business and the sale of the assets for ascertainment by the court for incorporation in the final judgment. It was found, however, that in August, 1937, the plaintiff advanced $10,895.88 to and for the benefit of the partnership beyond his agreed contribution and that he is entitled to immediate repayment of that sum. The judgment ordered "that said receiver shall immediately pay said sum to plaintiff from the funds of the partnership in his possession."

The judgment further provided "that final judgment herein shall provide for payment of the sums due plaintiff, and for the payment of all costs, expenses, charges and accounts of said receiver, and payment of all claims against the partnership and said receiver, and for distribution of the sums derived from the operation of said business and the sale of said assets in accordance with the findings and conclusions of law heretofore filed herein, and shall also provide that this court shall retain jurisdiction in this matter to enable it to determine the validity of all claims against the partnership and its assets, receive and settle all accounts of said receiver, fix and determine all fees and charges of said receiver and his attorneys, make all orders necessary in connection with the conduct of said receivership, make from time to time all orders necessary to complete the windup of the partnership between plaintiff and said defendant Harding F. Bakewell, on termination of the receivership to declare the partnership fully terminated and wound-up, and make all orders necessary to carry the judgment into effect."

With conceivable justification the defendant became apprehensive that the judgment was not truly interlocutory as denominated, and filed his notice of appeal on May 20, 1942. On June 9, 1942, the receiver filed a report pursuant to the directions contained in the judgment, and sought instructions from the court upon the taking of the appeal and the refusal of the defendant to comply with the order for delivery of original letters-patent and assignments. The plaintiff moved for orders based on the receiver's report. Before the hearing on the motion the defendant commenced the present proceeding to stay the effect of the judgment pending the appeal. This court issued an order to show cause coupled with a limited temporary stay to the end that the conduct and management of the partnership by the receiver be not interrupted.

An appeal lies only from a final judgment unless an appeal

from an interlocutory decree or judgment is expressly authorized by law. (*Johnson* v. *Solomons,* 124 Cal.App. 43 [12 P.2d 140]; *People's Ditch Co.* v. *Foothill Irrigation District,* 103 Cal.App. 321 [284 P. 514]; see § 963, Code Civ. Proc.) The defendant does not contend that his appeal is based on any provision of law save the provision of said section 963 which allows an appeal from a final judgment.

The general test for determining whether the judgment is final is "that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (*Lyon* v. *Goss,* 19 Cal.2d 659 [123 P.2d 11].)

A consideration of the issues and of the terms of the judgment discloses that further judicial action on the part of the trial court must be had before all the rights of the parties can be finally determined. Further audit of the partnership books is required and the receiver is directed to report thereon in order that the court may ascertain the amounts due as between the partners. (Compare *Gunder* v. *Gunder,* 208 Cal. 559 [282 P. 794]; *Middleton* v. *Finney,* 214 Cal. 523 [6 P.2d 938, 78 A.L.R. 1104].) The court did not finally determine the relative rights of the partners in the partnership assets. Those rights have yet to be ascertained. The judgment did not assume to establish the proportional rights by the use of percentages. (Compare *Zappettini* v. *Buckles,* 167 Cal. 27 [138 P. 696].) Notwithstanding the declared effect of the judgment that the receiver "shall immediately pay" to the plaintiff the sum of $10,895.88 out of the assets of the estate, the subsequent provisions of the judgment make it reasonably clear that the payment is directed to be made upon the entry of the final judgment thereafter to be rendered.

On appeal from the final judgment the rulings and decision of the court on all the issues are reviewable. (Code Civ. Proc., § 956.) Only one final judgment may be entered in an action. (*Middleton* v. *Finney, supra; Doudell* v. *Shoo,* 159 Cal. 448 [114 P. 579].) The fact that the court in the judgment before us assumed improperly to establish certain rights of the parties and to make orders therein effective immediately is not alone sufficient to render it a final judgment. This fact may have served as justification for the

present application, but upon a declaration by this court that the judgment is in effect interlocutory it will not be assumed that the trial court will attempt to enforce those provisions of the judgment which are improperly declared to be immediately effective.

Since the petition fails to present a case where no further questions can come before the trial court except such as are necessary to carry the judgment into effect, the petitioner is not at this time entitled to the writ of supersedeas. But since the judgment contains provisions which taken alone were improperly incorporated in an interlocutory judgment and are therefore subject to the objections noted, the denial of the application should be without prejudice.

The cases of *Perry* v. *West Coast Bond & Mortgage Co.,* 136 Cal.App. 557 [29 P.2d 279]; *Sondergard* v. *Breaum,* 83 Cal.App. 352 [256 P. 580], and *People's Ditch Co.* v. *Foothill Irrigation District, supra,* relied upon by the defendant, are not controlling. In those cases it appeared that the judgment determined all of the issues.

The order to show cause is discharged and the petition is denied without prejudice.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J. pro tem., concurred.