[Civ. No. 13521.  First Dist., Div. Two.  Dec. 14, 1948.]

KATHRYN DAVID, Respondent, v. LOUIS WARREN GOODMAN, Appellant.

J. W. Ehrlich, Roy A. Sharff and John Shortridge for Appellant.

John L. McNab, Robert W. Scott and Raymond B. Haizlip for Respondent.

NOURSE, P. J. — Plaintiff brought her action for the rescission or annulment of a partnership agreement signed between her and the defendant on March 9, 1946, on the ground of her temporary incompetency and defendant's undue influence and false representations inducing her signature of the agreement, its lack of consideration, and conversion by defendant of cash and proceeds of accounts belonging to the business and of diamonds and other property belonging to plaintiff and being kept in the place of business. She further prayed for adjudication that the defendant had no interest in the business, for direction that he account for his management, that he restore all moneys and properties appropriated from the business and that a trust be impressed

upon all property in which defendant may have converted any money or property by him received or appropriated. Defendant denied the material allegations of the complaint and by way of cross-complaint demanded dissolution of the partnership with an accounting and the appointment of a receiver on the ground of violation of the partnership agreement by plaintiff in that on November 4, 1946, she ousted him from the partnership, its premises and the conduct of its affairs. In her answer to the cross-complaint Mrs. David tried to justify the ouster of Mr. Goodman by amplifying the allegations of her complaint and prayed among other things for judgment that the purported partnership agreement was null and void, and for a complete accounting of all moneys and other property appropriated by cross-complainant. The court made findings of fact generally in accordance with the allegations of plaintiff, and ordered, adjudged and decreed as follows:

"I. That that certain written document signed and executed by plaintiff and cross-defendant and defendant and cross-complainant on or about March 9, 1946, a copy of which is attached to plaintiff's complaint and marked Exhibit 'A,' is null and void, and wholly ineffective for any purpose whatsoever, and that the same be and it is hereby cancelled and declared to be of no further force or effect.

"II. That the defendant and cross-complainant shall forthwith account for and pay and return to plaintiff and cross-defendant herein, any and all monies or other property belonging to said business which was obtained or retained or appropriated by him or converted to his own use or invested by him in real estate or other property of any kind or character, other than such sum of money as shall have been paid to defendant and cross-complainant by way of a drawing account in the sum of $125 a week.

"III. Pending such complete accounting by defendant and cross-complainant and the return by him to plaintiff and cross-defendant of all monies and property belonging to said business and obtained, or retained or appropriated by him, said defendant and cross-complainant shall be and he is hereby enjoined and restrained from parting with, transferring or hypothecating any property owned or possessed by him; and the following real property shall be held in trust for plaintiff and cross-defendant: (Follows description.)

"IV. That when defendant and cross-complainant shall have fully and satisfactorily accounted to plaintiff and cross-

defendant herein for such monies and other property belonging to said business, and when said monies and property shall have been paid and returned to plaintiff and cross-defendant, said defendant and cross-complainant shall be allowed and paid a sum equal to one-half (½) of the net profits earned by said business in the course of its operations, from the 9th day of March, 1946, to the 4th day of November, 1946, less any monies received by or paid to said defendant and cross-complainant on account of said drawing account in the sum of One Hundred Twenty-five Dollars ($125) per week.

"V. That defendant and cross-complainant take or receive nothing by reason of his cross-complaint, other than as above decreed.

"VI. That defendant and cross-complainant has no right, title or interest in or to said business, and he is enjoined and restrained from interfering with plaintiff and cross-defendant, in her conduct and operation of said business.

"VII. That plaintiff and cross-defendant shall have her costs herein."

■ Defendant appealed. After the appeal was submitted on the merits this court requested the parties to brief the appealability of the judgment in whole and in part. Both parties argued that the judgment was final and appealable in its entirety as no judicial act was reserved for performance by the court. However, this court is not in accord with those views, hence it becomes its duty, on its own motion, to dismiss the appeal insofar as the judgment is found to be nonappealable (*Collins* v. *Corse,* 8 Cal.2d 123 [64 P.2d 137] ; *Bessinger* v. *Grotz,* 52 Cal.App.2d 379 [126 P.2d 355, 127 P.2d 66]).

■ The law applicable has been stated as follows: "An appeal lies only from a final judgment unless an appeal from an interlocutory decree or judgment is expressly authorized by law." (*Bakewell* v. *Bakewell,* 21 Cal.2d 224, 226-227 [130 P.2d 975].) ■ "There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy" (*Stockton etc. Works* v. *Glens Falls Ins. Co.,* 98 Cal. 557, 577 [33 P. 633] ; *Nolan* v. *Smith,* 137 Cal. 360, 361 [70 P. 166] ; *Bank of America* v. *Superior Court,* 20 Cal.2d 697, 701 [128 P.2d 357]). ■ A judgment is final "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." (*Doudell* v. *Shoo,* 159 Cal. 448,

453 [114 P. 579].) ▇ "The general test for determining whether the judgment is final is 'that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' (*Lyon* v. *Goss*, 19 Cal.2d 659 [123 P.2d 11].)'' (*Bakewell* v. *Bakewell*, *supra*, p. 227.).

▇ It is clear that the judgment appealed from does not finally determine all rights of the parties in controversy. Plaintiff prayed for an accounting by defendant as well as for a determination of the validity of the agreement between the parties. An accounting was ordered but in no way settled. Moreover after this future accounting, which the trial court required to be complete and satisfactory, defendant was held to be entitled to one-half of the profits of the business during the time he worked in it, less the amount received by way of drawing account, which profits are also unliquidated. The accounting and determination of profits left to be done are more than a mere execution of what was determined or a ministerial compliance with the terms of the decree.[1]

Since the leading case of *Gunder* v. *Gunder*, 208 Cal. 559 [282 P. 794], it has been uniformly held in this state that a decree which settles the basic interest between the parties, adjudges the complainant's right to an accounting and refers the finding of the items of the account to the master is not an appealable order. The parties, however, point out that in this case no reference is ordered and that the judgment does not state that any further judicial action is contemplated.

We do not consider this distinction significant. In *Gianelli* v. *Briscoe*, 40 Cal.App. 532 [181 P. 105], the action was for the dissolution of a partnership, the existence of which was denied by defendant, and also for an accounting by the defendant who had ousted the plaintiff from the partnership. The court held plaintiff entitled to the dissolution and accounting, to have the partnership assets sold and the proceeds of the sale and accounting equally divided, defendant being directed to render the accounting within 30 days. No referee was appointed but it was ordered that the parties

---

[1]Appellant himself states in one of his briefs that the judgment is "one that cannot be enforced in any way in its present form and which will require further hearings and additional facts before it can be made certain."

should report the satisfactory settlement and division after the accounting and sale to the court "for approval and confirmation." When appeal was taken from this judgment it was held to be not final the court stating: (pages 535-536), "It will be observed that it leaves for future determination and adjudication the question as to the proceeds and profits accruing and derived from the business of the partnership from the second day of July, 1916, which, it is stated in the decree, were received by the defendant and converted by him to his own exclusive use. It is, therefore, still necessary, before a final judgment can be rendered, that the amount of such proceeds and profits shall be ascertained by the accounting which was ordered and the same determined and adjudicated by the court upon a consideration of the report of the account of said proceeds to be rendered and returned by the defendant within thirty days from the date of the rendition and entry of the decree.

"It is true that the language of the last paragraph of the decree contemplates that the parties themselves may agree to a settlement, in which case all that would remain to be done would be the approval and confirmation of the same by the court upon a report to it of such settlement. And the appellant takes the position that this is all that can be done or that no more is left to be done except to confirm such report as may be made and to enforce by execution the decree already made. But the position is founded on a precarious or indefinite premise, viz., that there will be arrived at between the parties litigant a satisfactory agreement as to the profits withheld from the plaintiff and the division thereof, but the assumption that such will be the result of the accounting conducted by the parties themselves cannot be granted. It is possible, if, indeed (in view of the hostile feeling which would in such a controversy as this naturally arise between the opposing litigants), not probable, that a satisfactory or any settlement cannot be agreed upon between the parties themselves and thus the controversy finally settled. In that case, the court would, of course, be compelled to take evidence and make findings as to the several vital matters necessarily involved in the question of profits retained and converted by the defendant and the division thereof and thereupon render judgment accordingly. It would, in such case, have to be ascertained and determined by the court how much, if any, of the profits of the business that the defendant

received into his possession of which he had made no account to the plaintiff or which he had wrongfully appropriated to his sole and exclusive use. It is, however, not material to inquire whether a satisfactory arrangement or agreement might be reached between the parties themselves so as to leave nothing remaining for the court to do but to confirm the findings contained in the report of their accounting and see that the judgment is then executed. The important proposition is, as above stated, that there are vital matters which the decree appealed from does not adjudicate, but which are left for future determination and adjudication by a judgment or decree from which it would not be seriously contended that an appeal would not lie, since, unlike the decree already entered herein, it would involve a full complete, and definitive adjudication of all the essential questions in the action.''

In *McAllen* v. *Souza*, 7 Cal.App.2d 130 [45 P.2d 832], this court held to be interlocutory a judgment which without any appointment of referee or express reservation of further court action ordered, adjudged and decreed ''that plaintiff, as administratrix of the estate of Mary Lucas Souza, deceased, is, as a result of the verbal agreement made between the said Mary Lucas Souza and the defendant that what money he made would be his, and what money she made would be hers, entitled to an accounting of the defendant of all sums of money, or things of value, now held in trust by said defendant, . . . and that a just and equitable division of all of said property be made at the time said accounting is had.

''That all of the property now held by the defendant and accumulated subsequent to the commencement of this relationship with Mary Lucas Souza be divided in such proportion as the labor, services, and cash advancement of defendant and deceased contributed to the whole.''

Two cases from the State of Utah are in point: In *Standard Steam Laundry* v. *Dole*, 20 Utah 469 [58 P. 1109], action was brought for redemption of premises sold at foreclosure sale and to compel an accounting and disclosure of profits from the purchaser at that sale. The court ordered judgment for the plaintiff, decreeing among other things that an accounting be had between the parties and that upon a settlement of an amount between the parties, and the payment of the balance due, the plaintiff might redeem from the mortgage sale. On appeal this judgment was held to be interlocutory and non-

appealable, the court stating in part: "The rights of the parties were not determined by the order made. The questions involved in the case were not decided, or the trial finally concluded. The bill was filed by the plaintiff and appellant to obtain an accounting, as well as for a redemption from the mortgage sale. An accounting is found necessary in the conclusions and decree, and no accounting was had. Until such accounting is had, the judgment is not final, and the controversy between the parties is not ended. Many questions between the parties, as shown by the record, are not settled or determined by the order made, and were expressly left to be determined thereafter by the parties. It was competent for the appellant to obtain an order for a referee, in order to have such accounting made, and a report thereon made to the court, and judgment entered accordingly." This case was followed in *Musser* v. *Edmunds*, 23 Utah 425 [64 P. 1105], in which case a judgment that a partnership accounting be had and any balance that may be found due paid over to plaintiff and he have judgment therefor and for his costs, no receiver or referee having been appointed, was held to be interlocutory.[1]

Finally *Lodge* v. *Twell*, 135 U.S. 232 [10 S.Ct. 745, 34 L.Ed. 153] may be compared.

Under the above authorities we are constrained to hold that the judgment is interlocutory and, with an exception to be mentioned later, nonappealable. Appellant's contention that the judgment is final though objectionable for uncertainty and respondent's contention that it is final but leaves open the necessity of special orders after final judgment to carry the judgment into effect are both without merit. "It is not the form of the decree but the substance and effect of the adjudication which is determinative." (*Lyon* v. *Goss*, 19 Cal. 2d 659, 670 [123 P.2d 11].) Although the form may seem that of a final judgment it leaves important parts of the controversy undecided and orders determination of these points by

---

[1]In the later case of *Benson* v. *Rozzelle*, 85 Utah 582 [39 P.2d 1113] the Utah Supreme Court seems to come to an opposite result on the basis of the rule that under certain circumstances the court may enter a final judgment as to certain issues—in that case the existence of a partnership—and reserve the determination of other issues. However, the cases above cited were not overruled. The Standard Steam Laundry case is even cited as an authority and the Benson decision itself cannot be persuasive in California as it is based on a rule inconsistent with our law.

170

the parties. ■ In the case before us, as well as in *McAllen* v. *Souza, supra, Standard Steam Laundry* v. *Dole, supra,* and *Musser* v. *Edmunds, supra,* the order. to the parties to account and to determine certain issues must be considered as implying a reservation of jurisdiction to make, if necessary on motion, further decisions as to these points. Reservation of further action can be made as effectually by implication as by express language. (*Poland* v. *Loud,* 113 Me. 260 [93 A. 549, 550].) ■ Such possible further decisions cannot be considered as special orders after final judgment, as in substance the judgment before us is not final and the further decisions which may be required will decide essential parts of the case as brought into court. *Zappettini* v. *Buckles,* 167 Cal. 27 [138 P. 696], on which the parties rely, and other cases of the same kind are not in point, as what was left to be done was more ministerial in character than the accounting here ordered. In *Gunder* v. *Gunder, supra,* the Zappettini case is distinguished because no accounting was involved and in *Hollar* v. *Saline Products, Inc.,* 3 Cal.2d 80, 82 [43 P.2d 273], it was held not only that the Zappettini case might be distinguished " 'but even if this were not so, said case would have to be considered as modified to conform to the holdings' referred to, i. e., the Gunder case.''

■ Although the judgment is interlocutory, appeal is expressly authorized insofar as it grants an injunction (Code Civ. Proc., § 963). However, no error as to the granting of the injunction has been pointed out, all errors assigned relating to the merits of the case. As the trial court may in its sound discretion grant a temporary injunction as an ancillary remedy without prejudging the merits of the case (*Miller & Lux* v. *Madera Canal etc. Co.,* 155 Cal. 59, 62-63 [99 P. 502, 22 L.R.A. N.S. 391]) we treat the injunctive order herein as such a remedy. Any injunctive order that becomes a part of the final decree may be reviewed on appeal from that decree and nothing herein should be prejudicial to a final determination on the merits. Our decision rests wholly on the accepted practice that when no specific errors have been assigned we should not independently inquire into their possible existence. (2 Cal.Jur. 728; *Philbrook* v. *Randall,* 195 Cal. 95, 104-105 [231 P. 739].)

Finally it may be pointed out that all issues of the case should be reviewable on one final appeal. No attempt should therefore be made to enforce appellant's duty to repay and

return, stated in the judgment subdivision II until the share of the profits to which he will be entitled in accordance with the adjudication subdivision IV will also have been determined. (Compare *Bakewell* v. *Bakewell, supra,* pp. 227-228.)

Insofar as it grants an injunction, the judgment is affirmed without prejudice, otherwise the appeal is dismissed.

Goodell, J., and Dooling, J., concurred.