JUAN DALMAU, Plaintiff and Appellee, v. RAMÓN QUIÑONES DELGADO ET UX., Defendants and Appellants.

No. 11406. Argued June 1, 1955.—Decided July 28, 1955.

526

*Yamil Galib Frangie* and *Rafael D. Milán Padró* for appellants.
*Lorenzo Lagarde Garcés* and *Carlos E. Colón* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Juan Dalmau filed a complaint claiming from Ramón Quiñones Delgado and his wife María Teresa Quiñones the

sum of $15,080.73, which they allegedly owed him for services rendered, plus costs and $1,500 for attorney's fees. He alleged in brief: that the defendants contracted for his services to manage three rural farms, binding themselves to pay him as compensation for his services the sum of $25 weekly plus 20 per cent of the net profits yielded by said farms during the years he rendered services; that pursuant to the agreement he started rendering services to defendants on July 8, 1948, and continued uninterruptedly until August 23, 1952; that the stipulated sum of $25 was paid to him but not the sum corresponding to the 20 per cent of the profits yielded by the three farms; and that during the years 1949, 1950, 1951 and 1952 the aforesaid farms yielded profits amounting to $75,403.65.

After the case was transferred to the Superior Court, Mayagüez Part, (ᵃ) the defendants filed their answer, which was amended at the pretrial conference held on June 8, 1953. In their amended answer the defendants admitted having required the services of the plaintiff as well as that the latter rendered such services as alleged in the complaint; but denied that they had agreed to pay plaintiff 20 per cent of the profits obtained from the farms, and that those farms had produced during the years in question the profits alleged in the complaint. They likewise alleged that the services rendered by the plaintiff had been entirely compensated by the payment of salaries and bonuses.

At the pretrial conference the parties agreed to litigate before the trial court "only the terms of the contract of services orally agreed upon by the plaintiff and the defendant, agreeing to submit to a master the determination of the profits obtained by the defendant during the years 1949 to 1952 on the farms managed by the plaintiff." Pursuant to the agreement, a lengthy hearing was held before the trial court for the sole purpose of considering the controversy as

---

(ᵃ) The complaint was originally filed in the Ponce Part.

to the terms of the contract of services. Construing the terms of that contract, the lower court concluded that the plaintiff was entitled to 20 per cent of the profits obtained by the defendants on the farms in question during the harvest years 1948–49, 1949–1950, 1950–1951, 1951–1952. It then rendered judgment to that effect, leaving for further determination the amount to which plaintiff would be entitled on account of the 20 per cent. The judgment reads as follows:

"The Court, based on the findings of fact and conclusions of law set forth in its Statement of the Case and Conclusions, of this date, renders judgment making the following pronouncements: 1. The complaint IS GRANTED and consequently defendant Ramón Quiñones Delgado and the conjugal partnership constituted by him and his wife María Teresa Quiñones is ordered to liquidate and pay to the plaintiff Juan Dalmau the sum which represents twenty per cent (20%) of the profits obtained from the farms in litigation, that is, the farms of the defendant spouses in the jurisdictions of Guayama, Patillas and Maunabo, during the harvest years 1948–1949, 1949–1950, 1950–1951, 1951–1952, that is, for the crops of 1949, 1950, 1951 and 1952; 2. The parties are hereby notified to appear in open court in the session of the second Monday after this judgment becomes final, at 9:00 A. M., when a master shall be appointed, according to law, to receive the necessary evidence and make the corresponding report in connection with the litigation and determination of the profits obtained from the aforesaid farms in litigation during the aforesaid period of plaintiff's management for the purpose of liquidating and paying him the twenty per cent (20%) which belongs to him from said profits, if any; 3. The defendant, Ramón Quiñones Delgado, and the conjugal partnership constituted by him and his wife María Teresa Quiñones, is ordered to pay to the plaintiff the costs, expenses and disbursements incurred by him in the suit plus the sum of ONE THOUSAND (1,000) DOLLARS for attorney's fees."

The defendants appealed. In their brief they charge the trial court with the commission of seven errors. The first of these is to the effect that "the court erred in rendering

judgment contrary to the provisions of Rule 54(*b*) of the Rules of Civil Procedure."

██ Said assignment suggests the possibility that this Court lacks jurisdiction to entertain the appeal. Nevertheless, be that as it may, this Court may raise that question *sua sponte*. If we lack jurisdiction, the only thing we can do is to so declare and dismiss the appeal. *Housing Authority* v. *Sagastivelza*, 71 P.R.R. 406; *Román* v. *Figueroa*, 73 P.R.R. 817; *Ponce* v. *F. Badrena e Hijos, Inc.*, 74 P.R.R. 210, 234.

██ Pursuant to § 295 of the Code of Civil Procedure,[1] in cases like the one at bar, originating in the Superior Court, an appeal may be filed in this Court only from a "final judgment" rendered in an action or special proceeding, or from the orders and interlocutory judgments expressly stated in paragraph three of said section.[2] In the case at bar, the judgment rendered by the trial court would be appealable only if it were a final judgment since this is not one of the cases listed in paragraph three, *supra*. *David* v. *Goodman*, 200 P. 2d 568, 570; *Bakewell* v. *Bakewell*, 130 P. 2d 975, 978.

The California case law construing § 963 of the Code of Civil Procedure of that State, which is substantially equiva-

---

[1] Section 295, *supra*, provides:

"An appeal may be taken to the Supreme Court from a District Court:

"1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered, within one month after the entry of judgment.

". . . . . . . .

"3. From an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or refusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment; and from an interlocutory judgment in actions for partition of real property, within ten days after the order or interlocutory judgment is made and entered on the minutes of the court or filed with the secretary."

[2] See § 35 of Act No. 432 of May 15, 1950 (pages 1126 and 1142) and § 14 of Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 39).

lent to our § 295, has stated that a judgment is final when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce, by execution, what has been determined.[3] *Doudell* v. *Shoo,* 114 Pac. 579, 581; *Gianelli* v. *Briscoe,* 181 Pac. 105, 107; *David* v. *Goodman, supra; Bakewell* v. *Bakewell, supra.* See also *Catlin* v. *United States,* 324 U. S. 229, 89 L. ed. 911, 916, and *Audi Vision Inc.* v. *R.C.A. Mfg. Co.,* 136 F. 2d 621, 147 A.L.R. 574.

■■ The ruling in the aforecited cases as to when a judgment is final is applicable in Puerto Rico as a general rule. *Rieder* v. *Torruella,* 48 P.R.R. 846, 850; *Basora* v. *Padilla,* 61 P.R.R. 410, 412. However, Rule 54(*b*) of the Rules of Civil Procedure permits the rendering of final judgments in certain cases even where all the questions in issue are not disposed of. See: 49 Yale L. J. 1476; Moore's *Federal Practice,* 2d ed. Vol. 6, § 54.20, p. 162. Said Rule is equivalent to Rule 54(*b*) of the Federal Rules of Civil Procedure as it read prior to its amendment in 1946, and it reads as follows:

"(*b*) *Judgment at Various Stages.—When more than one claim for relief is presented in an action,* the court at any stage, upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim, *may enter a judgment disposing of such claim. The judgment shall terminate the action with respect to the claim so disposed of and the action shall proceed as to the remaining claims.* In case a separate judgment is so entered, the court by order may stay its enforcement until the entering of a subsequent judgment

---

[3] The final determination of a court as to a collateral question not affecting the main issues has also been recognized in California as a final judgment for the purposes of § 295. See *Union Oil Co. of California* v. *Reconstruction Oil Co.,* 51 P. 2d 81, 82; *Colma Vegetable Ass'n* v. *Superior Court,* 242 Pac. 82, 83; *Carradine* v. *Carradine,* 171 P. 2d 911. This notwithstanding, this question has no bearing on the case at bar, since the determination of the trial court was not on a collateral question but on one affecting the main question in issue.

or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered." (Italics ours.)

The instant case, however, deals with a single claim and the so-called judgment of the lower court only disposes of part of that claim, since it does not determine the compensation, if any, that plaintiff is entitled to receive as his share in the farms' profits. *Petrol Corporation* v. *Petroleum Heat & Power Co.*, 162 F. 2d 327; *Leonidakis* v. *International Telecoin Corp.*, 208 F. 2d 934. See also, *Reeves* v. *Beardall*, 316 U. S. 283, 285; *Canister* v. *National Can Corp.*, 163 F. 2d 683, 684; Moore's *Federal Practice*, Vol. 6, § 54.24, p. 190. In view of this, we must conclude that Rule 54(*b*) is not applicable to the case at bar. Appellee so admits. Said rule, according to its express terms, may also be applied only to cases where two or more claims and not a single one, as here, are involved. *Reeves* v. *Beardall, supra; Pabellon* v. *Grace Line*, 191 F. 2d 169, 174, certiorari denied in 342 U. S. 893; Moore's *op. cit.*, Vol. 6, § 54.33, p. 238. Evidently, that rule does not make final a partial adjudication of a claim. Moore's, *op. cit.*, Vol. 6, § 54.23, pp. 169, 171; *Canister* v. *National Can Corp., supra.*

■ It is also clear that the determination of the trial court is not a final judgment according to the general rule which we have mentioned. That determination does not dispose of all the questions in issue. The fact that, according to the so-called judgment of the trial court, specific questions must be submitted to a master, pursuant to the provisions of Rule 53 of the Rules of Civil Procedure, in no way changes the situation. See *McGourkey* v. *Toledo & Ohio Railway*, 146 U. S. 536; *Leonidakis* v. *International Telecoin Corp., supra;* Moore's, *op. cit.*, Vol. 6, § 54.13, p. 124. The case of *McGourkey, supra,* states at page 545 that if a court makes a decree and refers the case to a master for a ministerial purpose only, and no further proceedings in court are contemplated, the decree is final; but if it refers

the case to the master for a judicial purpose, upon which a further decree is to be entered, the original decree shall not be regarded as final. The judgment of the court in this case was to the effect that a master would be appointed, according to law, "to receive the necessary evidence and make the corresponding report in connection with the litigation and determination of the profits obtained from the aforesaid farms in litigation during the aforesaid period of plaintiff's management for the purpose of liquidating and paying him the twenty per cent (20%) which belongs to him from said profits, if any." This is not a case referred to a master for ministerial purposes only. Therefore, the judgment rendered by the trial court is not a final judgment in the light of the *McGourkey* case.

■■ The appellee contends that the trial court could render a final judgment in this case under Rule 42(*b*) of the Rules of Civil Procedure.[4] Undoubtedly, the trial court had authority by virtue of said rule to hold a separate trial for the purposes of determining the controversy as to the terms of the contract of services, even where said controversy were not a separate claim. Moore's, *op. cit.*, Vol. 5, § 42.03, p. 1211. As we stated in *Muñoz* v. *District Court,* 72 P.R.R. 788, 791:

"Although consolidation of issues and a joint trial for separate issues are the general rule, there are, however, exceptions. One of these exceptions is precisely where the determination of a certain question of law puts an end to litigation, thus avoiding a protracted trial on all matters in issue."

However, the provision in question (Rule 42(*b*)) does not permit a court to render final judgment disposing of a claim *partially*. See: *Canister* v. *National Can Corp.,*

---

[4] Rule 42(*b*)

"*Separate Trials.*—The court in furtherance of convenience may order a separate trial or any claim, cross-claim, counter-claim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, third-party claims, or issues."

*supra.* That was precisely what the court intended to do in the case at bar. Actually, Rule 42(*b*) does not permit the entry of separate judgment in the cases where, pursuant to its terms, a separate trial may be held. *Cf. Reeves* v. *Beardall, supra.* It is Rule 54(*b*), complementing the provisions of Rule 42(*b*), which permits courts in certain cases to enter separate judgments—*Acevedo* v. *District Court,* 70 P.R.R. 89; Moore's *op. cit.*, Vol. 6, § 54.22, p. 168. This Rule (54(*b*)), as we have already seen, is not applicable in this case.

 The plaintiff-appellee also contends that the defendants are precluded from raising the lack of authority of the lower court to render final judgment in this case because they had stipulated that the only question to be tried at the hearing before the trial court would be the one concerning the terms of the contract of services, and that the question on the profits obtained from the farms would be referred to a master. The contention is altogether frivolous since the stipulation in question in no way authorizes the trial court to render a final judgment which merely adjudicates in part the claim involved here.

 For the foregoing reasons, and there being no provision by virtue of which the determination of the lower court may be considered a final judgment, we lack jurisdiction to entertain this appeal. *Sherman* v. *Lewis,* 137 Pac. 249; *Rossi* v. *Caire,* 209 Pac. 374; *David* v. *Goodman, supra; Burkhart* v. *U. S.,* 210 F. 2d 602.

The appeal is dismissed without prejudice to the parties to raise on appeal from the final judgment rendered on its day on the merits of the case, in connection with the determination in issue herein, the questions which they deem pertinent.

Mr. Justice Pérez Pimentel did not participate herein.