THE PEOPLE ex re . THOMAS MILLER, JR., Respondents *v.* WILLIAM A. CUMMINGS et al., Appellants.

The provisions of the Revised Statutes (1 R. S.,  604, § 8) declaring that if the election of directors of an incorporated company shall not be duly held on the day designated, "it shall be the duty of the president and directors  *  *  to notify and cause an election for directors to be held within sixty days," applies to corporations organized under the general manufacturing act.

The provision of said act (§ 4, chap. 40, Laws of 1848.), declaring that if an election of trustees shall not be made on the day designated by the by-laws of the corporation, it shall be lawful on any other day to hold an election, "in such manner as shall be provided for by the said by-laws," does not conflict with the provisions of the Revised Statutes; and the fact that no provision is made by the by-laws for any other than the annual election does not prevent such an election from being held.

In case the proper officers of a manufacturing corporation refuse to perform the duty so imposed upon them, a stockholder has a remedy by mandamus to compel such performance.

(Argued January 29, 1878; decided February 5, 1878.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term granting a writ of peremptory mandamus, " directed to William A. Cumming, John P. Cumming. Alexander McGuire, and Thomas Miller, trustees of the New York Cement Company, requiring them to notify and cause an election to be held for four trustees of said company, at the office of said company, in the city of New York, and to fix a time for such election within twenty days after the service of said mandamus; also directed to John P. Cumming, as secretary of said company, requiring him to publish notice of the time and place of such election in a daily newspaper printed nearest to the place where the operations of said company are carried on, for ten days previous to the day of such election; also directed to the said William A. Cumming, president of said company, within five days from the service of said mandamus, to call a special meeting

of the trustees of said company for the purpose of fixing the time for such election."

The said company was a manufacturing corporation, organized under the general manufacturing act. Its by-laws provided for an annual election of trustees on the first Tuesday of February of each year, and prescribed the notice to be given, the qualifications of voters, etc., but no provision was made for an election in case one was not had at the time specified for an annual election.

The stockholders met to hold an election on the first Tuesday of February, 1877, but it appearing that no publication of notice of the election was made as prescribed by the by-laws, no election was held. A special meeting of the board of trustees was held, at which it was resolved, "That the secretary call a special meeting of the stockholders on February 20, 1877, for election of trustees, as required by the by-laws in case where there is no election at the annual meeting." No call was issued, however, or notice published, the secretary claiming that there was no provision for such a case.

*William A. Cumming*, for appellants.    Only the provisions of the act of 1848 as to elections are applicable to defendants' company.    (*Rochester* v. *Barnes*, 26 Barb., 657; *Ex. Pet. Co.* v. *Embury*, 4 Hun, 648; *Bowen* v. *Lease*, 5 Hill, 221; *Driscoll* v. *W. B. and C. R. R. Co.*, 59 N. Y., 163.)    By-laws of a corporation, not in contravention of the constitution or the laws, have the binding force of law. (*McDermott* v. *B'd of Police*, 25 Barb., 643.)

*F. L. Westbrook*, for respondents.    The remedy of the relator was by mandamus.    (*King* v. *Corp. of Bedford*, 1 East, 80; *People* v. *Gov'rs. Albany Hospital*, 61 Barb., 397; *Thames Dock Co.* v. *Rose*, 3 Eng. R. Cas., 177; *People* v. *Med. Soc.*, 32 N. Y., 187; *Am. R. F. Co.* v. *Haven*, 101 Mass., 405, 406; *In re Union Trust Co.*, 22 Wend., 591; A. & A. on Corp., 50; *Kentucky* v. *Dennison*, 24 How.

[U. S.], 98; *People ex rel. Mott* v. *Tidmore*, 12 Wend., 184; *People ex rel. Taylor* v. *Brennan*, 39 Barb., 522; *Ex parte Rogers*, 7 Cow., 526; *Comrs.* v. *Aspinwall*, 24 How. [U. S.], 385.) The provision of the Revised Statutes (2 R. S., 604, § 8), in regard to elections, applies to all corporations. (*Bowen* v. *Lease*, 5 Hill, 221.)

MILLER, J. The claim of the relator, as a stockholder of the New York Cement Company, to a peremptory mandamus, rests upon the provisions contained in 1 Revised Statues, 604, § 8. This section declares that if the election for directors of any bank or other incorporated company of this State shall not be duly held on the day designated, etc., * * * "it shall be the duty of the president," etc., "to notify and cause an election for directors to be held within sixty days immediately thereafter." The appellants, who are officers of the New York Cement Company, a manufacturing corporation organized under the act of 1848, insist that all provisions as to the elections of officers of the corporation are contained in the last-mentioned act, and that none others have any application. The third section of the act last mentioned (3 Edms. R. S., 733) provides that the stock, property and concerns of the corporation shall be managed by trustees, who shall, except the first year, be annually elected by the stockholders, at such time and place as shall be directed by the by-laws of the company, and public notice of the time and place shall be published as required. The fourth section (3 Edms. R. S., 734) enacts that in case it shall happen at any time that an election of trustees shall not be made on the day designated by the by-laws of said company, when it ought to have been made, the company for that reason shall not be dissolved, but *it shall be lawful* on any other day to hold an election for trustees *in such manner as shall be provided for by the said by-laws.* And all acts of trustees shall be valid and binding as against such company until their successors shall be elected. The provision last cited does not, we think, conflict with the

provision of the Revised Statutes to which we have referred.

The third section expressly provides for the management of the affairs of the corporation by trustees, and for their annual election after the first year. The fourth section against a dissolution of the corporation in case of a failure to elect trustees and legalize a subsequent election. The provision therein that the election shall be according to the by-laws evidently relates to the notice to be given, the formal proceedings, including the qualification of voters, and other matters which may very properly be regulated, and in this case actually were provided for by the by-laws. The fact that no provision is made by the by-laws for any other than the annual election, of itself, does not prevent such election being had, or in any way interfere with the holding of the same.

If trustees could keep themselves in office by not having an annual election, the stockholders would be powerless and they might perpetuate themselves in power as long as they chose. Such a course would also be in direct opposition to the mandatory provision requiring that trustees to be annually elected shall manage the affairs of the company The enactment (§ 8, 2 R. S., 604, *supra*) prevents any such arbitrary use of power and protects stockholders of corporations from the misconduct of their officers in this respect. It imposes a duty upon those officers, in case of a failure to elect, to give notice of another election within a time limited by the section cited. This is in entire harmony with the provisions of the manufacturing act, and does not conflict in any way with the right of the officers to make reasonable and prudential rules and regulations for the management and disposition of the stock and business affairs of the company under section eight of the act. To hold that an election of officers of a corporation must utterly fail because those in power, by accident or design, omit to do their duty, and by neglecting to give the proper notice, or by failing to make proper by-laws for that purpose, would be in contravention of the manifest intention of the law and sanction

a construction entirely unwarranted.  No such power was intended to be conferred upon officers of corporations.  And that the provision of the Revised Statutes cited is applicable to manufacturing companies is upheld in the case of *Bowen et al.* v. *Lease* (5 Hill, 221).  That the law provides that the company shall not be dissolved, because there is a failure to elect officers, does not aid the appellants' case, for such a provision might very properly be made for the protection of stockholders.

As the statute is imperative, the duty of the appellants was entirely manifest and well defined, and a clear case for a peremptory mandamus is made out.

The order should be affirmed.

All concur.

Order affirmed.