James B. M. McNally, J.
Motion to nullify the acts and transactions had at the stockholders’ meetings held on December 6, 1955, December 27, 1955 and January 6, 1956 and the directors’ meeting held on January 6, 1956, is denied.
The subject corporation was organized under the Stock Corporation Law on June 19, 1950. The authorized and issued capital stock is 100 shares common stock, no par value. Petitioner owns 5 shares. Prior to the meetings sought to be nullified petitioner was a director and secretary of the corporation. Some time during 1955 the petitioner ceased to be the attorney for the vice-president of the corporation. Petitioner was thereafter requested to resign as an officer and director of the corporation. Upon his refusal to comply with said request, the meetings which are the subject of this application were held. At said meetings 95 of the issued and outstanding shares of stock were represented and approved the actions taken at said meetings.
The by-laws prior to December, 1955 provided for annual meetings on the 15th day of June of each year. Special meetings of the stockholders were callable at any time by a majority of *556 the directors or by the president, or at the written request of the owners of not less than one half of the capital stock. The term of office of each of the directors was one year and “ thereafter until his successor shall be elected. ’ ’
It appears that the first annual meeting of the stockholders was held on June 20, 1950. Directors- were elected at said meeting, of which the petitioner was one. The directors subsequently elected the officials of the company, and petitioner consequently, on June 20, 1950, was elected secretary of the corporation. No meeting of stockholders having intervened between June 20, 1950 and the special meeting of stockholders called for December 6, 1955 for the purpose of electing and replacing the board of directors, the call for the said special meeting was proper and valid and consistent with the provisions of the by-laws pertaining to the election of directors, as well as section 22 of the General Corporation Law relating to the election of directors. (See People ex rel. Miller v. Cummings, 72 N. Y. 433; Beardsley v. Johnson, 121 N. Y. 224, 228; General Corporation Law, § 22.)
The objection to the notice of the meetings held for the purpose of amending the by-laws, predicated upon the inadequacy of the notice in respect of the matters to be considered at said meetings, is without merit. The notices adequately apprised the petitioner of the purpose to amend the by-laws under the facts and circumstances of this case.
Settle order.