M. Henry Martttscello, J.
Proceeding by. petitioners in the nature of a mandamus pursuant to article 78 of the Civil Practice Act against the trustees of a religious corporation for an order compelling respondents to call a meeting of the members of the corporation, to render a complete financial statement, and to adopt by-laws.
The petition substantially alleges that the respondent Sephardic Seminary of America, Inc., was incorporated in January, 1959; that the three individual respondents have been the corporate trustees; that the corporation owns and operates a particular building located in Brooklyn; that as set forth in the certificate of incorporation the corporation was formed for the purpose of maintaining a congregation and a religious school; that the corporation has suspended its religious instruction and teaching of young people of Sephardic background (members of the Jewish faith having their origin in the Orient, Spain or Portugal); that negotiations are being conducted to sell the *99 afore-mentioned building; that petitioners are members of the corporation because they “ contributed to the corporation substantial” specified sums of money and because respondents “have no congregation * * *, conduct no services ” but ‘1 merely maintain a school ’ ’ and have no rules or regulations for membership; that the Religious Corporations Law (§ 207) requires that a meeting be called to adopt by-laws fixing “ the voting rights of members of a Jewish religious corporation”; and that respondents have failed to call such a meeting, though duly demanded.
Respondents move to dismiss the petition as a matter of law upon the ground that it lacks facts sufficient to show either that the petitioners are entitled to the relief sought or that a clear legal right to a peremptory writ of mandamus has been established, and upon the further ground that this court is without power to grant the relief sought.
Respondents urge that petitioners, having failed to allege that they are members in good standing of the respondent corporation, are barred from maintaining the instant proceeding.
As defined by statute (General Corporation Law, § 3, subd. 15) a member 1 ‘ includes each person signing the certificate of incorporation and each person admitted to membership therein pursuant to its certificate or act of incorporation or its by-laws.”
Section 195 of the Religious Corporations Law reads as follows : “ At a corporate meeting of an incorporated church to which this article is applicable the following persons, and no others, shall be qualified voters, to wit: All persons of full age, who are then members in good and regular standing of such church by admission into full communion or membership therewith in accordance with the rules and regulations thereof, and of the governing ecclesiastical body, if any, of the demomination or order to which the church belongs, or Avho have been stated attendants on divine worship in such church and have regularly contributed to the financial support thereof during the year next preceding such meeting ”.
It is an undisputed rule that1 ‘ A church has a right to determine the qualifications for membership, and whether one is a member in good standing is a matter of an ecclesiastical nature, relating to the government and discipline of the church, and its decision is binding on the courts.” (Matter of Kaminsky, 251 App. Div. 132, 137, affd. 277 N. Y. 524; People v. Tuthill, 31 N. Y. 550.)
However, in the instant situation there is allegedly lacking a functioning church organization and allegedly no rules or regulations have been promulgated either by the corporation itself *100 or by any governing ecclesiastical body specifying the requirements for admission into membership therein.
The citations relied upon by respondents involved functioning church organizations and are, therefore, distinguishable and not controlling herein.
I am of the opinion that in the light of the other allegations contained therein, petitioner’s allegation of membership is sufficient and that respondents should not experience difficulty in answering thereto.
Respondents’ objection that mandamus may not be invoked against a religious corporation to compel it to adopt by-laws is not substantiated.
Regulations pertaining to the election of trustees of a Jewish congregation are provided for in section 207 of the Religious Corporations Law. The statutory provisions include “ The right of the members of such congregation to vote at meetings thereof shall be fixed by its by-laws ’ ’.
The foregoing statutory language is specific. Unless it can be shown that rules and regulations for the conduct and operation of the corporation are otherwise provided for, such as in the certificate of incorporation itself, or pursuant to rules laid down by other binding authority, the statutory provision must be deemed controlling.
An order in the nature of mandamus is designed to compel action on the part of corporate officers in the performance of a duty, specifically enjoined by law (People ex rel. Desiderio v. Conolly, 238 N. Y. 326, 333; 22 Carmody-Wait, New York Practice, § 197 et seq.). Mandamus will lie to compel the proper officers to cause a corporate election to be held (People ex rel. Miller v. Cummings, 72 N. Y. 433). Respondents are charged with violating section 207 of the Religious Corporations Law in failing to adopt by-laws fixing the ‘ ‘ right of the members of such congregation, ’ ’ a duty specifically charged by statute.
The courts do not presume to interfere in a matter of a religious nature which comes within the juridical sphere of the congregation’s ecclesiastical authorities (People ex rel. Dilcher v. German United Evangelical St. Stephen’s Church, 53 N. Y. 103, 109). But the courts do have authority over religious corporations where matters not of an ecclesiastical nature are involved.
Thus, even though no statutory authority therefor existed, the court, on the application of the Attorney-General of the State, ordered the dissolution of a religious corporation where said corporation had misused its corporate franchise (People v. Volunteer Rescue Army, 27 N. Y. S. 2d 632). In Kniskern v. Lutheran Church of St. John and St. Peter (1 Sandf. Ch. 439, *101 564), vestrymen, who were trustees, were removed from office in order to prevent the diversion of trust funds to uses destructive of the purposes for which they had been entrusted. In People ex rel. Fleming v. Hart (11 N. Y. S. 673) vestrymen whose election was found to be illegal were removed and a special election ordered to fill vacancies (see 22 Carmody-Wait, New York Practice, § 199, p. 309) and in People ex rel. Kenney v. Winans (9 N. Y. S. 249) vestrymen of an incorporated church were directed by court order to attend a corporate meeting on the petition of a member of the corporate body.
Since the petition states facts entitling plaintiff prima facie to some relief, the petition is sufficient (Matter of Felice v. Swezey, 278 App. Div. 958), and there is no necessity to pass upon the propriety of all the relief sought.
Respondents’ motion denied with leave to serve their answer within 10 days after service of a copy of the order to be entered herein with notice of entry. Settle order on notice.