Bertram Harnett, J.
The Nassau County Democratic Committee (“ County Committee ”) plans to hold a meeting on March 4, 1969 to consider amendments to its by-laws. On February 26, 1969, its chairman had a notice of the meeting with copies of the proposed amendments mailed to its approximately 1,800 members.
One of these members, John J. Nigro, has proposed amendments of his own and asked the County Committee to include his proposed amendments within the mailing of the notice of meeting. He delivered in timely fashion enough copies of his proposed amendments to be included in that notice of meeting. When his request was denied, he came to this court asking a direction to the respondents, who make up the executive committee of the Nassau County Democratic Committee, to send a copy of his proposed amendments with the notice of meeting and to enjoin the consideration of any by-laws until then.
The parties agree that the existing by-laws -of the Nassau County Democratic Committee have been validly adopted, and they further agree that the proposed by-laws amendments the chairman directed to .the membership arose out of proposals made at a series of hearings and forums held by the County Committee throughout Nassau County over the last few months.
Petitioner Nigro claims that the respondents’ refusal to include his proposed amendments in a notice of meeting deprives him of the opportunity to have any action taken with .respect to his proposed amendments. His expressed ultimate concern is that if only the text mailed with the official notice can be voted upon at a meeting, it is only those proposals which the leaders approve which will receive attention, and the rank and file proposals can never be made.
Interestingly enough, petitioner Nigro mailed out his -own notice of meeting on February 26, 1969 enclosing his own pro *195 posáis for by-laws amendment. The Nassau County Democratic Committee by-laws presently in force do not make specific provision as to who will prepare or send out proposed by-law amendments. Indeed, section 1 of article X of the by-laws simply reads: “Sec. 1. These rules and regulations may be amended by a majority vote of the County Committee at any meeting, provided a copy of the proposed amendment is sent not less than five days before the meeting at which it is to be proposed to each Committee member at his postoffice address ”.
There is no requirement in the by-laws of the Nassau County Democratic Committee or in subdivision 2 of section 15 of the Election Law that there be included in the notice of meeting the amendments to the by-laws sought to be proposed by any single committeeman. Subdivision 2 of section 15 of the Election Law provides: “ 2. Each committee may prepare rules for the government of the party within its political subdivision * * * Such rules may be amended from time to time by a majority of the members of the committee present at a meeting at which there is a quorum, provided a copy of the proposed amendment shall be sent with the notice of the meeting at which such amendment is to be proposed, such notice to be not less than five days before such meeting, and to be mailed to the postoffice address of each member of the committee.”
Section 1 of article III of the County Committee by-laws reads as follows: “ Sec. 1. Special Meetings. In addition to the organization meeting provided for in Article II, Sec. 6, of these By-Laws, special meetings may be called by the Chairman, and must be called upon the written request of holders of not less than 30% of the total weighted vote for the County Committee. The meeting shall be called by the Secretary within twenty days after receipt of the request.” (Emphasis added.)
Synthesizing these authorities with reason, it would appear that the notice of meeting follows the calling authority in principle. The by-laws specifically authorize the chairman to call a special meeting (art. Ill, § 1), and make alternate provision for a special meeting on demand of holders of 30% of the weighted vote of the County Committee. The secretary is directed to send the notices. In other words, a special meeting emanates only from the chairman or an officer acting on his authority, or the secretary on a mandate from the 30% vote holders. While the by-laws seem silent, subdivision 2 of section 15 of the Election Law precludes petitioner Nigro’s notice. It is therefore held, the amendments mailed by petitioner Nigro himself are ineligible for consideration to the extent not already encompassed in another notice which may be valid.
*196 In this matter, the chairman in his discretion has called the meeting and caused notice to be given with the text of the proposed amendments. No authorities appear to support the petitioner Nigro’s insistence that his proposals be included in the chairman’s notice. A plain reading of the statute does not give him that right, nor for that matter, does he cite any relevant interpretative authority.
Indeed, the reason of the matter is apart from his contention. The suggestion that 1,800 members are each able to force unilaterally upon the chairman, or upon the meeting itself, an infinite number of amendments without any qualification, is difficult to accept. In the area of the law governing publicly held stock corporations, corporate officers can be required to transmit individually submitted voting proposals of holders, but only by express regulatory prescription (Commerce Clearing House Security Law Reporter, regulation 240.14 a-8 (a) and (b), CCH Fed. Sec. Law Rep., par. 24,012) and even then there are safeguarding standards built into the regulations which would permit the officers to omit the proposals (Commerce Clearing House Security Law Reporter, regulation 240.14 a-8 (c), par. 24,012).
Moreover, section 1 of article III of the by-laws provides that special meetings may be called upon the written request of holders of not less than 30% of the total weighted vote for the County Committee. It would seem inconsistent with this section, which requires a substantial portion of the County Committee to call a special meeting, to require the County Committee to include in a notice of meeting the proposed amendments of any single committeeman.
Petitioner Nigro has expressed concern that only the precise text accompanying the notice can be voted upon at the meeting. This is not completely so. There can be modifications and supplementations provided that the notice has fairly apprised its recipients of the scope of the action to be taken (cf. Rosenfeld v. Fairchild Engine & Airplane Corp. 284 App. Div. 201, affd. 309 N. Y. 168; Matter of Miller v. Stockholders & Directors of Renfrew, 4 Misc 2d 555). For amendments beyond the apprising scope of the notice, the remedy of the by-laws appears to require a special meeting called by holders of 30% of the weighted vote, which provision this court cannot on its face declare unreasonable.